UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------X

JUAN RAMON MARTINEZ,

     Plaintiff,      14 Civ. 7634

  -against-         OPINION

ELSIE SANTAMARIA, et al.,

     Defendants.

----------------------------------X

A P P E A R A N C E S:

    Pro Se

    JUAN RAMON MARTINEZ
    190 Stanton Street
    New York, NY 10002


    Attorneys for Defendants

    ERIC T. SCHNEIDERMAN
    Attorney General of the State of NY
    120 Broadway, 24th Floor
    New York, NY 10271
    By:  Mark E. Klein, Esq.

7/13/15

**Sweet, D.J.**

        Defendant New York State Education Department ("SED"),
(s/h/a Adult Career and Continuing Education Services –
Vocational Rehabilitation ("ACCES-VR") and Bureau of Proprietary
School Supervision ("BPSS")) and individual defendants Isabel
Gonzalez, Ann Huff, Patricia Manzariello (s/h/a Patricia
Manzzariello), Edward G. Kramer, Armando Pabon, Jr., and John B.
King, Jr. (collectively, the "Individual State Defendants" and,
along with SED, the "State Defendants") have moved pursuant to
Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the Complaint
of *pro se* plaintiff Juan Ramon Martinez ("Martinez" or the
"Plaintiff"). Also pending is Plaintiff's motion for a default
judgment against defendants Elsie Santamaria ("Santamaria"), D.
Pinto ("Pinto") and Ferrari Driving School Inc. ("Ferrari")
(collectively, the "Ferrari Defendants"). Based upon the
conclusions set forth below, both motions are granted, the
complaint against the State Defendants is dismissed, and default
judgment for costs will be entered against the Ferrari
Defendants.

                                     1

**Prior Proceedings**

The Plaintiff filed his regrettably incoherent Complaint on September 15, 2014 seeking damages of $100 million arising out of a series of events starting in 2010.

The Plaintiff, an alleged former "consumer" of ACCES-VR, appears to assert (i) alleged violation of his civil rights, pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986 (see plaintiff's Compl., at 6), (ii) alleged violation of his purported entitlement to vocational rehabilitation and educational services pursuant to 29 U.S.C. § 720(a)(3)(A), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. (the "ADA"), and the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 (the "IDEA") (Compl. at 7-9), and (iii) alleged violation of various other statutes, regulations, policies, and procedures. (Compl. at 20-28.)

The Complaint alleges the following with respect to the State Defendants:

(i)      Defendant ACCES-VR was "[r]esponsible for processing Plaintiff [sic] Application, that constituted an inconvenience and a delay that created this Complaint-Claim" (Compl. at 4);

(ii)      Defendants Gonzalez and Huff are "[r]esponsible for the inconvenience and the delay, that constituted this Complaint-Claim and closing plaintiff [sic] ACCES-VR case" (id.);

(iii)      Defendant Linton is "[r]esponsible for the inconvenience and the delay that constituted this Complaint-Claim and closing plaintiff [sic] ACCES-VR case, and refusing to process an [sic] due Process request in the form of an Impartial Hearing request form adviced [sic] Plaintiff to call" defendant Manzariello (id.);

(iv)      Defendant Manzariello "[d]enied Plaintiff a Due process Hearing request in numerous time [sic], advice [sic] Plaintiff to reapply for ACCES-VR services, disregarding Plaintiff accomplishments at Star Career Academy" (id.);

3

(v)      Defendant BPSS and defendants Pabon and
Kramer are "[r]esponsible for not doing an Comprehensive
Investigation of Plaintiff complaint, knowing there are two
school [sic] that ACCES-VR did not pay tuition, with the same
consume[r]"; and that BPSS is "[r]esponsible for not taking
Plaintiff Notice of Claim and Complaint" and "for the pain and
suffering plaintiff went through" (id. at 5);

(vi)      Defendant King, the former Commissioner of
SED, is "[r]esponsible for adding to Plaintiff Mental Anguish
and distress," for "not answering Plaintiff complaint on time,"
and for "not investigating Plaintiff complaint [sic]" (id.); and

(vii)      Defendants Pabon and Kramer "fail[ed] to
investigate" plaintiff's complaint but instead "forwarded
Complainant complaint to same agency Complainant was complaining
about" (id. at 15).

These allegations will be taken as true for the
purpose of deciding the motion to dismiss only.  Notably, the
Complaint does not allege that the actions affecting the
Plaintiff were taken because of his race or ethnicity.  The

4

Plaintiff has not identified his purported disability or alleged that the actions of which he complains were because of his membership in any protected class.

Some of the Exhibits referred to in the Complaint provide further information concerning the nature of the claims against the State Defendants. In his Complaint (no. 1300041), submitted on April 23, 2013 (the "April 2013 Complaint") to SED, Plaintiff stated that he was "dropped" from the Ferrari Driving School program "because of heavy medication and did not have the ACCES-VR check for transportation." He further stated that, after Ms. Gonzales of ACCES-VR approved plaintiff's enrollment in "Culinary School," he "went to STAR Career Academy for six months, gave the School 180 hours of externship, was remove[d] from my externship because I am on Parole and my Parole office[r] don't want me in establishments where there is alcohol . . . ." (See Klein Decl., Exh. C.) Plaintiff then asserts:

> After all this, Ferrari Driving School Have [sic] not got paid, STAR Career haven't got pay [sic] and my transportation of 9 months I haven't receive [sic], how can you expect me to accomplish anything when you have everything against me. Someone is misplacing a lot of money, please investigate.

(Id.)

Plaintiff states in paragraph 52 of his Complaint that he filed his April 2013 Complaint with the SED "Investigation Unit" at 116 West 32nd Street in New York City, and that, on April 23, 2013, Edward Kramer ("Kramer"), a Supervising Investigator at the BPSS office located at 116 West 32nd Street, informed Plaintiff that his April 2013 Complaint was not within BPSS's jurisdiction.

As stated in Kramer's April 23, 2013 letter to Plaintiff (which appears to be "Exhibit 3" referred to in paragraph 30 of Plaintiff's Complaint), Kramer informed Plaintiff that he had "reviewed your complaint against ACCES-VR for non-payment of your benefits[,]" had "determined that the issues raised in this matter are not within the jurisdiction of" BPSS, and therefore had referred Plaintiff's Complaint to ACCES-VR, Special Education Quality Assurance, in Albany. (See Klein Decl., Dkt. No. 32, Ex. D.)  Kramer's April 23rd letter concluded: "Be advised that the above unit should be contacting you shortly." (Id.)

6

The instant motions were marked fully submitted on
April 8, 2015.

**The Complaint Fails to Comply with Rule 8**

Rule 8 of the Federal Rules of Civil Procedure
requires that, in order to state a claim, a complaint must
include "a short and plain statement of the claim showing that
the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S.
662, 677-78 (2009); Salahuddin v. Cuomo, 861 F.2d 40, 41-42 (2d
Cir. 1988); see Iwachiw v. N.Y. State Dept. of Motor Vehicles,
396 F.3d 525, 527 (2d Cir. 2005) (per curiam).  It should be
plain in order to "give the adverse party fair notice of the
claim[s] asserted so as to enable him to answer and prepare for
trial." Salahuddin, 861 F.2d at 42.  It should be because an
unnecessarily long pleading places "an unjustified burden on the
court and on the parties who must respond to the complaint
because they are forced to select the relevant material from a
mass of verbiage." Jones v. Nat'l Comm'ns. & Surveillance
Networks, 409 F. Supp. 2d 456, 464 (S.D.N.Y. 2006) (internal
quotations and alterations omitted), aff'd, 266 Fed. Appx. 31

(2d Cir. 2008).  The required short and plain statements are absent from Martinez' winding and incoherent pleading.

A complaint also fails to meet the standards of Rule 8 when it is "so baldly conclusory that it fails to give notice of the basic events and circumstances of which the plaintiff complains." Shuster v. Oppelman, 962 F. Supp. 394, 395 (S.D.N.Y. 1997).  Wholly conclusory claims and those which rely upon unreasonable inferences and unwarranted deductions do not suffice to establish a proper pleading. See Furlong v. Long Island Coll. Hosp., 710 F.2d 922, 927 (2d Cir. 1983) (federal pleading requirements "do[] not permit conclusory statements to substitute for minimally sufficient factual allegations."); Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (conclusory allegations of conspiracy are insufficient to state a civil rights claim).

"While *pro se* complaints are generally construed more liberally than complaints prepared by counsel, they are still subject to the requirements of [Fed. R. Civ. P.] Rule 8 and therefore must be dismissed if, even upon generous review, they fail to comply with those requirements." Goff v. U.S. Treasury

8

Dep't, No. 98 Civ. 3784, 2001 WL 1103273, at *1 (S.D.N.Y. Aug. 1, 2001) citing Shuster, 962 F. Supp. at 396. Although dismissal for pleading violations is disfavored, defendants must be able to ascertain the nature and basis of the claims against them so that they can prepare a defense, and "unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed in this Circuit." Ceparano v. Suffolk County, No. 10-CV-2030, 2010 WL 5437212, at *3 (E.D.N.Y. Dec. 15, 2010), aff'd, 404 Fed. Appx. 537 (2d Cir. 2011); see also Shetiwy v. Midland Credit Mgmt., 980 F. Supp. 2d 461, 467 (S.D.N.Y. 2013).

Here, the Plaintiff makes no effort to link the catalogue of federal statutes, regulations and "policies and procedures" to the factual allegations he asserts. The assertion of a multitude of claims against a panoply of defendants leaves the reader struggling to ascertain which claims are being asserted against each defendant under which statute, and the claims are not logically connected to any factual assertions.

The Complaint violates Fed. R. Civ. P. 8 and, on this ground will be dismissed.

9

**Sovereign Immunity Bars Certain of Plaintiff's Claims**

The Eleventh Amendment to the United Stated Constitution bars suit in federal court for relief against a State by a private citizen absent the State's consent or an express statutory waiver of immunity. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); see Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). This immunity extends to state agencies, and also bars actions for damages against state officials in their official capacities where the state is the real party in interest. Will, 491 U.S. at 71; Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); see Posr v. Court Officer Shield No. 207, 180 F.3d 409, 414 (2d Cir. 1999).

As an arm of the State, SED, as well as its departments -- named defendants ACCES-VR and BPSS -- are entitled to Eleventh Amendment immunity. See Hayes v. Williamsville Cent. Sch. Distr., 506 F. Supp. 2d 165, 169-70 (W.D.N.Y. 2007) (dismissing ADA and § 1983 claims against SED because "Eleventh Amendment immunity from suit extends to the

10

defendant Education Department."); see also Will, 491 U.S. at 71 (1989) (State and its officials are not parties for the purposes of § 1983).

The Plaintiff's claims – to the extent they can be discerned -- against ACCES-VR, BPSS, and, to the extent they are sued in their official capacities, the Individual State Defendants are therefore barred because these defendants are entitled to Eleventh Amendment immunity from suit.

**The Complaint Fails to State a Plausible Claim for Relief**

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint that merely alleges facts that are "consistent with" or "compatible with" liability fails to state

11

a cognizable claim. See Twombly, 550 U.S. at 557. "Determining

whether a complaint states a plausible claim for relief will . .

. be a context-specific task that requires the reviewing court

to draw on its judicial experience and common sense." Iqbal, 566

U.S. at 679. Courts are not required to accept as true "legal

conclusions" or "threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements." Harris v.

Mills, 572 F.3d 66, 72 (2d Cir. 2009).


As discussed further below, Martinez' various claims

and assertions fail to meet this standard.


**Discrimination Has Not Been Adequately Alleged**


By citing to the ADA and the IDEA in his Complaint,

the Plaintiff appears to be asserting a claim that he suffered

various injuries as a supposed result of discrimination by

reason of his disability. (See, e.g., statutes to which the

Plaintiff cites on pages 22-23 of his Complaint.) In order to

state such a claim for discrimination, however, a plaintiff must

demonstrate that any denial of benefits occurs "by reason

of . . . disability, which essentially means that the plaintiff

12

must prove that the denial is 'because of' the disability."
Henrietta D. v. Bloomberg, 331 F.3d 261, 278 (2d Cir. 2003)
(citation omitted).  The "sine qua non" of any discrimination
claim "is that the discrimination must be because of" a
protected characteristic.  See Patane v. Clark, 508 F.3d 106,
112 (2d Cir. 2007) (per curiam).  The Plaintiff has made no
factual assertions that would allow a plausible inference that
the State Defendants' actions were even remotely motivated by
reason of plaintiff's disability, or of any other kind of
discrimination.

Although the Plaintiff cites in his Complaint to the
ADA and the IDEA, he fails to provide a single non-conclusory or
non-speculative factual allegation from which it can be inferred
that any adverse action taken against him was motivated by anti-
disability discriminatory animus.  Because his allegations do
not plausibly allege that the State Defendants denied him access
to some service or program as a result of such animus, the
Plaintiff fails to state any claim of discrimination.

**Violation of 42 U.S.C. § 1981 Is Not Adequately Alleged**

13

The Plaintiff's § 1981 claim fails because that
statute only prohibits race-based discrimination, and his
complaint does not allege that any defendant took action against
him for racial reasons.  See Duncan v. AT&T Comm'ns., Inc., 668
F. Supp. 232, 235 (S.D.N.Y. 1987) (citing Runyon v. McCrary, 427
U.S. 160, 167 (1976)).  Although the Plaintiff here makes
references in his Complaint to several statutes relating to
persons with disabilities, these "repeated references to a
partial disability or handicap are of no help to [him], since §
1981 prohibits discrimination that based at least in part on
racial classifications."  Duncan, 668 F. Supp. at 235 (citation
omitted).  The § 1981 claims are therefore dismissed.

In addition, § 1981 provides for causes of action only
against individuals who were personally involved in
discriminatory action.  See Whidbee v. Garzarelli Food
Specialties, Inc., 223 F.3d 62, 74-75 (2d Cir. 2000). Where an
individual defendant has acted on behalf of the state, § 1983
provides the "exclusive federal damages remedy." Whaley v. City
U. of New York, 555 F. Supp. 2d 381, 400-01 (S.D.N.Y. 2008).
"State employment has generally been deemed sufficient to render
the defendant a 'state actor.'"  Id. at 401; Roddini v. City

14

Univ. of New York, No. 02 Civ. 4640, 2003 WL 435981, at *5
(S.D.N.Y. Feb. 21, 2003).

The Individual State Defendants were, at all relevant
times, employees of SED, and therefore "state actors."  Thus,
"to the extent [Plaintiff] seeks to vindicate any independent
rights under 42 U.S.C. § 1981, he must do so via claims under §
1983." See Whaley, 555 F. Supp. 2d at 400.  Plaintiff's claims
under § 1981 are dismissed for this additional reason.


**Violation of § 1983 is Inadequately Alleged**


The Plaintiff's § 1983 claim fails because such a
claim must be asserted against a "person." Neither state
agencies, nor state officials acting in their official
capacities, are "persons" for the purposes of that statute. Will
v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989);
Spencer v. Doe, 139 F.3d at 111. Therefore, in addition to being
barred by the Eleventh Amendment, the Plaintiff cannot assert a
§ 1983 claim against SED, its departments and the Individual
State Defendants in their official capacities because they are
not "persons" within the statute's meaning.

15

The Plaintiff has not set forth sufficient allegations
to state claims against the Individual State Defendants in their
individual capacities. The claims against the Individual State
Defendants fail because he has not sufficiently alleged the
personal involvement of any named defendant in the violation of
plaintiff's federal rights.  See Provost v. City of Newburgh,
262 F.3d 146, 154 (2d Cir. 2001); Rosa R. v. Connelly, 889 F.2d
435, 437 (2d Cir. 1989).  The Plaintiff has also failed to
establish a tangible connection between the acts of any
individual defendant and his alleged injuries.  Cf. Bass v.
Jackson, 790 F.2d 260, 263 (2d Cir. 1986) (dismissing § 1983
claim for inadequate medical care where pro se plaintiff did not
"connect the failure to obtain prompt medical care to any of the
. . . defendants"). The Plaintiff has failed to set forth
allegations that any Individual State Defendant has deprived him
of any constitutional right or caused him specific injury.


The Plaintiff also claims that he was denied due
process.  The Due Process Clause of the Fourteenth Amendment
requires an "opportunity to be heard at a meaningful time and in
a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333
(1976) (internal quotations and citations omitted). The

16

Plaintiff has not adequately alleged that he was denied a
liberty or property interest without due process of law.

The Plaintiff's equal protection claims are conclusory
and thereby insufficient.  See Alfaro Motors, Inc. v. Ward, 814
F.2d 883, 887 (2d Cir. 1987) ("a [§ 1983] complaint must contain
specific allegations of fact which indicate a deprivation of
constitutional rights; allegations which are nothing more than
broad, simple, and conclusory statements are insufficient");
Cohen v. Litt, 906 F. Supp. 957, 961 (S.D.N.Y. 1995) ("a court
need not accept a complaint's legal conclusions and unwarranted
factual deductions").

The Plaintiff has failed to offer facts sufficient to
show that he was intentionally treated differently than
similarly-situated comparators based upon some protected
characteristic.  See Village of Willowbrook v. Olech, 528 U.S.
562, 564 (2000); Smith v. City of Albany, No. 1:03-CV-1157, 2006
WL 839525, at *16 (N.D.N.Y. Mar. 27, 2006), aff'd, 250 Fed.
App'x 417 (2d Cir. 2007).  The Plaintiff has not identified any
similarly-situated comparators who received preferential
treatment or pointed to any other facts that indicate he was

17

treated differently from others.  This is fatal to his equal

protection claims.  See Bishop v. Best Buy Co., No. 08 Civ.

8427, 2010 @L 4159566, at *11 (S.D.N.Y. Oct. 13, 2010) ("To

maintain an equal protection claim, Plaintiff must show adverse

treatment of individuals compared with other similarly situated

individuals and that such selective treatment was based on

impermissible considerations . . . ."), aff'd, 518 Fed. Appx. 55

(2d Cir. 2013); Mosdos Chofetz Chaim, Inc. v. Village of Wesley

Hills, 815 F. Supp. 2d 679, 697-98 (S.D.N.Y. 2011).


**Violation of 42 U.S.C. § 1985 Is Not Adequately Alleged**


The Complaint similarly fails to state a conspiracy

claim pursuant to § 1985. To assert such a claim, a plaintiff

must allege that defendants have, with racial or other class-

based discriminatory animus, conspired to deprive the plaintiff

of a constitutional or other federal right. LeBlanc-Sternberg v.

Fletcher, 67 F.3d 412, 426-27 (2d Cir. 1995); see Mian v.

Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087-88

(2d Cir. 1993) (per curiam). To defeat a motion to dismiss,

plaintiff must state claims of conspiracy with more than

18

conclusory allegations. <u>Harris v. County of Nassau</u>, 581 F. Supp. 2d 351, 358 (E.D.N.Y. 2008).

The Plaintiff has pled only a conclusory allegation that he was the subject of an unspecified "[c]onspiracy to interfere with civil rights," and that the State Court Defendants have discriminated against him. (See Compl. at 6.) The Plaintiff has failed to sufficiently plead the requisite intent to discriminate. <u>Ford v. Moore</u>, 237 F.3d 156, 162, n.3 (2d Cir. 2001) (plaintiff's § 1985(3) conspiracy claim failed "for lack of any evidence of the requisite discriminatory intent"). Further, conspiracy claims under § 1985 must contain specific factual allegations showing an agreement or a meeting of the minds to achieve an unlawful end.  <u>Webb v. Goord</u>, 340 F.3d 105, 110 (2d Cir. 2003) (citation omitted).  Here, the Plaintiff has failed to allege any agreement among any of the State Defendants to deprive him of equal protection of the law, or that they conspired to harm him because of his unidentified disability.

**The Violation of 42 U.S.C. § 1986 Is Inadequately Alleged**

19

Martinez' failure to state a claim under 42 U.S.C. §
1985 requires this Court to dismiss any claim under § 1986. A
claim under § 1986 establishes a cause of action against those
that "neglect to prevent" conspiracies in violation of § 1985.
Thus, where, as here, a party fails to state a claim pursuant to
§ 1985, the §1986 claim also must be dismissed.  See Malsh v.
Garcia, 971 F. Supp. 133, 139 (S.D.N.Y. 1997).


Moreover, the Complaint does not provide any
information that would indicate that the Individual State
Defendants had any knowledge of the alleged conspiracy.
"Knowledge of the acts is a prerequisite to suit under 42 U.S.C.
§ 1986." Buck v. Board of Elections, 536 F.2d 522, 524 (2d Cir.
1976).


**No Opposition to the Motion for Default Judgment Has Been Submitted**


The docket indicates service was effected on
Defendants Santamaria and Pinto, who are alleged to be Ferrari
Driving School, Inc.'s Program Manager and President,
respectively.  (Dkt. Nos. 23, 24)  The Clerk's certificate of
default was filed for each.  (Dkt. Nos. 35, 36). No opposition

to the instant motion has been filed, and a default judgment will therefore be entered against the Ferrari Defendants.

However, the Complaint fails to allege any monetary damages attributable to the defaulting defendants. The default judgment is therefore limited to costs.

**Conclusion**

Based on the conclusions set forth above, the motion
of the State Defendants is granted, and the Complaint is
dismissed without prejudice with leave granted to replead within
twenty days. The motion of the Plaintiff for default judgment is
granted and judgment for costs will be entered on notice.

It is so ordered.

**New York, NY**
**July  8 , 2015**

_____

**ROBERT W. SWEET**
**U.S.D.J.**

22