UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------

JUAN RAMON MARTINEZ,                                    14-CV-7634 (RWS)

                    **Plaintiff,**

                                             **REPLEA JUDMENT**
                                             **LEAVE GRANTED TO REPLEAD**
          -against-
                                             **BY HONORABLE**
                                             **JUDGE ROBERT W. SWEET**

                    **Defendants**

**ELSIE SANTAMARIA, et al.,**
_____

                                    **JURY DEMAND YES Fed. R. Civ. P. 38**

Adult Career and Continuing Education Service
-Vocational Rehabilitation Bronx District Office
 Individually and Officially Capacity as
A division of New York State Education Department,

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 7/29/15 |

Isabel Gonzalez –Bronx District
Office Vocational Counselor
Individually and Officially Capacity as Officer Vocational Counselor
Of (ACCES-VR) A division of
New York State Education Department

5.Ann Huff-(ACCESS-VR B.D.) Bronx District
Office Senior Vocational Counselor
-Vocational Rehabilitation
Individually and Officially Capacity as Officer Vocational Counselor
(ACCES-VR Bronx District Office)
A division of New York State Education Department,

6.Robert Linton-(ACESS-VR B.D. )
Bronx District Office Supervisor
-Vocational Rehabilitation Bronx District
 Office (ACESS-VR B.D.)
Individually and Officially as Officer (Supervisor)
(ACCES-VR Bronx District Office)
A division of New York State Education Department,

7.Patricia Mazzariello-(ACCES-VR Albany NY).
Impartial Hearing Rehabilitation
Provider Specialist Albany New York
Individually and Officially Capacity Office of
(ACCES-VR Albany District Office)
A division of New York State Education Department,

**DEFENDANTSCONTINUES.....**

15.Edward G. Kramer Supervising Investigator (BPSS-NYCO)
Individually and Officially Capacity Office BPSS
(ACCES-VR Bronx District Office
A division of New York State Education Department,

16.Armando Pabon Jr. Senior Clerk (BPSS-NYCO)
Individually and Officially Capacity Office BPSS
(ACCES-VR Bronx District Office-BPSS)
A division of New York State Education Department,

17.Dr. John B. King, Jr. Commissioner of New York State
Education Department and President of the
University of the State of New York.
Individually and  Officially Capacity Office as
Commissioner of New York State Education
Department A division of
New York State Education Department

## JURY DEMAND YES ON ALL  ISSUES SO TRIABLE OF RIGHT BY JURY, Fed. R. Civ. P. 38.

Judge Robert W. Sweet granted State Defendant motion to dismissing Plaintiff Complaint on July 8

2015, without prejudice with leave granted to replead within twenty days, Plaintiff is repleding

under Court Order and under Rule 15.(c)  (1)(B), because Plaintiff have been Diagnose with

bipolar 1, as of May 26, 2015, and Plaintiff original Complaint was not properly written.

Here Plaintiff explain in detail this Action.

1. Plaintiff agreed with Honorable Judge Robert W. Sweet: "**Plaintiff file his regrettably incoherent** Complaint on September 15, 2014, as stated on  paragraph 1 page 2 of Honorable Judge Robert W. Sweet decision.

2. On May 29, 2015 Administrative Law Judge Kieran McCormack made a decision on Plaintiff SSI application stating Plaintiff have been disabled under 1614 (a)(3)(A) of the Social Security Act since November 27, 2012, the date the application for supplemental security income was filed **Exhibit 165a-176a.**

3. Social Security Administration Applicable Law **Exhibit 165a- 176a  page 2 of 7.**

4. Findings of Fact and Conclusions of Law **Exhibit 165a-176a  page 3 of 7.**

5.  When Plaintiff file Complaint on September 15, 2015, Plaintiff was not in the right state of mind, as the evidence present prove, see Doctor Faisal Chaudhy, M.D, Attending Psychiatrist **Exhibit 176a.**

6.  Plaintiff would like to apologized to the Court for incoherent Complaint file of September 15, 2015, but Plaintiff is going thought a lot of situations, Homeless, with a bipolar 1 syndrome, Post-traumatic Stress disorder, anti-Social behaviors that's why Plaintiff Complaint was "regrettably incoherent.

7.  Plaintiff would explain in details on this new pleading what Plaintiff is entitle to relief and every State Defendant Personal involvement on Plaintiff Complaint.

8.  Plaintiff would like to replead with this Amended Complaint under Rule 15. (c) (1)(B) and (d) of Federal Rule Civil Procedure.

9.  Plaintiff also would like to request an Oral Argument for Summary Judgement base on Plaintiff Factual Complaint, because Plaintiff Mental health disability prevent Plaintiff from focusing on This Civil Matter.

10. Plaintiff would also like to ask the Honorable Judge to

## JURISDICTION AND VENUE

11. Plaintiff bring these claim for unlawful discrimination under 29 U.S.C., 701  et seq., (The "Rehabilitation Act")  20 U.S.C. 1400 et seq., The Individual with Education Disability Act (The IDEA)., 42 U.S.C. 12132 seq. et ; The American with Disability Act (THE ADA), 42 U.S.C. 1981 Equal right under the law 42 U.S.C. 1983 Civil Action for deprivation of rights; 42 U.S.C. 1985 Conspiracy to interfere with civil right; 42 U.S.C. 1988 Proceedings in vindication of Civil rights; U.S. Const. Amend. XIV 1. Due Process;  U.S. Const. Amend. XIV 1. Equal Right; violations of 34  C.F.R. 361. 45 ; 34 C.F.R. 361. 48; is founded on Title 28 U.S.C. 1343 (3) and (4).

12. **Federal Jurisdiction is confered in this Court pursuant to 28 U.S.C. 1331,** this Court

have original jurisdiction of all civil actions arising under the constitution, laws, or treaties

of the United States 29 U.S.C., 701 et seq., (The "Rehabilitation Act") 20 U.S.C. 1400 et seq.,

The Individual with Education Disability ; Act (The IDEA)., 42 U.S.C. 12132 seq. et ; The

American with Disability Act (THE ADA),

42 U.S.C. 1981 Equal right under the law 42 U.S.C. 1983 Civil Action for deprivation of

rights; 42 U.S.C. 1985 Conspiracy to interfere with civil right; 42 U.S.C. 1988 Proceedings in

vindication of Civil rights; U.S. Const. Amend. XIV 1. Due Process Clause ;  U.S. Const. Amend.

XIV 1. Equal Right Clause; violations of 34  C.F.R. 361. 45 ; 34 C.F.R. 361. 48;

28 U.S.C. 1367

13. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. 1391 because the

events on which the claim is based occurred in the Southern District of New York.

14. Declaratory Judgment  Pursuant 28 U.S.C. § 2201. Creation of remedy.  28 U.S.C. § 2202.

Further relief,  Injuntive  Relief Pursuant

15. The Amount in controversy exceeds $ 10,000, exclusive of interest and cost.

16. This Court has supplemental jurisdiction over all state Constitutional and state law claims

pursuant to 28 U.S.C. 1367 (a). N.Y.S Const, Bill of Right 1,11. New York State Laws.

## SUBJECT MATTER JURISDICTION

Subject Matter Jurisdiction Arises Under ; The Due Process Clause The Fourteenth Amendment.

The Equal Right Clause of The Fourteenth Amendment; The rehabilitation Act of 1973

The Individual with Disability Education Act 1990 Civil Right 29 U.S.C., 701  et seq., (The

"Rehabilitation Act") 20 U.S.C. 1400 et seq., The Individual with Education Disability ; Act (The

IDEA)., 42 U.S.C. 12132 seq. et ; The American with Disability Act (THE ADA),

42 U.S.C. 1981 Equal right under the law 42 U.S.C. 1983 Civil Action for deprivation of rights; 42

U.S.C. 1985 Conspiracy to interfere with civil right; 42 U.S.C. 1988 Proceedings in vindication of

Civil rights; U.S. Const. Amend. XIV 1. Due Process Clause ;  U.S. Const. Amend. XIV 1. Equal Right

Clause; violations of 34  C.F.R. 361. 45 ; 34 C.F.R. 361. 48; 28 U.S.C. 1367

## JUDICIAL REVIEW
## Pursuant with The Rehabilitation Act  (The ACT)and The Individual with Disability Education Act (IDEA).

<u>29 U.S.C. (c)(5)(J)(i)</u> Civil Action The action may be brought in any State Court of competent

Jurisdiction or in a district court of the United States of Competent Jurisdiction without regard to

the amount in controversy.

**29 U.S.C. 722 (c)(5)(J)(ii)(I)** Procedure

In any action brought under this subparagraph the Court- (I) shall receive the records relating to

the hearing under subparagraph (A) and the records relating to the State review under

subparagraph (D) through (F) if applicable.

<u>29 U.S.C. 722 (c)(5)(ii)**II**</u> shall hear additional evidence at the request of a party to the action and

<u>29 U.S.C. 722 (c)(5)(J)(ii)</u>III basing the decision of the Court on the preponderance of the evidence,

shall grant such relief as the Court determines to be appropriate.

<u>20 U.S.C. 1425 (i) (2) (A)</u> of the IDEA entitles a plaintiff to judicial review of a final agency decision

with regard to the provision of IDEA <u>**services**</u> and like

<u>29 U.S.C. 722 (c)(5)(J).</u> allows an aggrieved party to bring a civil action to challenge that final

decision, date **May 13, 2013 Exhibit 77.**

## REPLEDING JUDMENT DISMISSING
## PLAINTIFF COMPLAINT ENTERED ON JULY 8, 2015,
## WITH LEAVE TO REPLEAD GRANTED

### PARTIES

I JUAN RAMON MARTINEZ am the Plaintiff Pro se,

Mr. Mark E. Klein Counsel representing (State Defendants);
120 Broadway 24th Floor
New York New York 10271
Tel 212 416-8663
Fax 212-416-6075
Mark.Klein@ag.nygov

New York State Education Department (SED); Individual Capacity and Official Capacity:

Adult Career and Continuing Education Services ("ACCES-VR"); Individual Capacity: Official

Capacity:

Isabel Gonzales Plaintiff Vocational Counselor; Individual Capacity and Official Capacity:

Ann Huff Senior Vocational Counselor; Individual Capacity and  Official Capacity:

Robert Linton ACCES-VR Bronx District Supervisor; Individual Capacity and Official

Capacity.

Patricia Manzariello, ACCES-VR Albany District (Special Education Quality Assurance;

Individual Capacity and  Official Capacity:

Bureau of Proprietary School Supervision ("BPSS"); Edward G. Kramer; Individual Capacity:

Official Capacity:

Bureau of Proprietary School Supervision ("BPSS");  Armando Pabon, Individual Capacity:

Official Capacity.

 Jr. Dr. John B. King, Jr. Commissioner (Collectively the State Defendants") Individual

Capacity Official Capacity.

## EXHIBITS RELATED TO COMPLAINT

Against defendants Elsie Santamaria-Ferrari Driving School Program Manager Ferrari driving School Inc. D. Pinto-Ferrari Driving School Inc. President and Owner (FDS).

ACCES- VR Due Prose Right..............................................................................Exhibit 1,2

Culinary Academy of New York Inc...........................................................................Exhibit 3

Plaintiff Attendant A.S.A. College 9/3/2009...................,,,,,...............................Exhibit 4

Plaintiff Ferrari Driving School ACCES-VR Individual Plan of Employment (IPE) April 20 2010........................................................................................... Exhibit 5-8

June 23, 2010 Plaintiff psychologist requested a driving class schedule change from Ferrari Driving School...........................................................................................Exhibit 9

Plaintiff Medication Profile December 9, 2009 through May 10, 2013 Exhibits 10-12

March 6, 2013 Plaintiff visit Ferrari Driving School to request information about ACCES-VR Paying tuition to Ferrari Driving Schedule, Plaintiff find out Ferrari Driving School droop plaintiff on the same day Plaintiff psychologist requested Plaintiff Driving Classes schedule change June 23, 2010.......................................................................................Exhibit 13

Plaintiff received a Check from ACCES-VR for Transportation to go to Ferrari Driving School ........................................................................................Exhibit 14.

Plaintiff visit Ferrari Driving School again,  Mr. Pinto provided Plaintiff with a Cancellation notice dated **April 25, 2011** and  Mr. Pinto Refuse to Provide Plaintiff with documentation concerning Plaintiff enrollment agreement, attendance, **Plaintiff remain a  Consumer with ACCES-VR** ...........................................................................Exhibit 15-16

Plaintiff requested an (IPE) amend from ACCES-VR Vocational Counselor Ms. Gonzalez using a Department of Correction Food Services Certificate dated October 12, 1995 Where Plaintiff would be good at Culinary.............................................................Exhibit 17

Ms. Gonzalez Amended Plaintiff Individual Plan of Employment (IPE) and send Plaintiff to a Culinary Vocational School were Plaintiff was interview and process to star classes on August 16, 2011; Culinary Academy of New York Inc. Admission and Enrollment Agreement.....................................................................................Exhibit 18

Plaintiff provided ACCES-VR Isabel Gonzalez with a Food Handler certificate from the Department of Correction where Plaintiff would be good at Cooking, **Exhibit 17** Isabel Gonzalez Amended Plaintiff IPE and send Plaintiff to Culinary Academy of New York for Vocational Training, ACCES-VR never close Plaintiff ACCES-VR case on **March 24, 2011.**

August 1, 2011; Culinary academy of New York Inc. Email to ACCES-VR.....Exhibit 19.

Plaintiff Enrollment Agreement with Culinary Academy of New York Inc.......Exhibit 18

Culinary Academy of New York Inc. August 1, 2011;Proposal Email to ACCES-VR Exhibit 20

**May 16, 2011,** Culinary Academy of New York Inc.  Director letter of acceptance to Star Career Academy   Culinary Program to star on August 18, 2011...............Exhibit 21

May 3, 2012, Culinary Academy of New York Inc.  letter Plaintiff  return from leave of absence,…………………………………………………………………………………Exhibit 22

July 31, 2012 Culinary Academy of New York Inc.  Director termination  Plaintiff enrollment  dated July 23, 20……………………………………………………Exhibit 23

March 1, 2013 and March 11, 2013 Culinary Academy of New York Inc.  Director and Director of Admissions letter to ACCES-VR requesting tuition…………Exhibit 24

April 10, 2013 Culinary Academy of New York Inc.  Director letter to ACCES-VR requesting tuition and I quote: "Please advise the student and the School of the steps necessary to reinstate him to finish Externship……………………………………………………Exhibit 25

April 19, 2013, Culinary Academy of New York Inc.  letter and I quote: Plaintiff enrollment is at withdrawal status as of July 6, 2012………………………………………………Exhibit 26

May 1, 2013, Culinary Academy of New York Inc.  letter: Plaintiff is eligible to return to SCA pending ACCES-VR payment……………………………………………………………Exhibit 27

October 7, 2013 Culinary Academy of New York Inc.  allowed Plaintiff to use the Computer lab……………………………………………………………………………………Exhibit 28.

Plaintiff participate in Federal Work Study Program from December 12, 2011 to February 21, 2012 working hours in the Federal Work Study were from 8:30 am to 1:30 pm……………………………………………………………………………………Exhibit 29

December 17, 2013, Culinary Academy of New York Inc.  letter Plaintiff  enrollment is on withdrawal status as of July 6, 2012 …………………………………………Exhibit 30

Culinary Academy of New York Inc.  Social Worker/psychologist Jeremy Moss letter to Department of Homeless Services were Plaintiff resides, Plaintiff  was force to use (DHS) savings to attend Culinary Academy of New York Inc……………………………Exhibit 31

Culinary Academy of New York Inc.  Emails records……………………Exhibits 32-37

August 6, 2012, Plaintiff Parole Offices requested Culinary Academy of New York Inc.  to remove Plaintiff from Externship site that sell  alcohol Beverage…………….Exhibit 38

March 23, 2012,  April 19, 2013 Culinary Academy of New York Inc.  unofficial
Transcrip..............................................................................................................Exhibit 39, 40

**August 10, 2012** Culinary Academy of New York Inc.  Detail Attendance......Exhibit 41-45
**April 19, 2013** Culinary Academy of New York Inc. Detail Attendance..........Exhibit 41a-45a

August 1, 2011, Culinary Academy of New York Inc.  Estimated financial Plan...Exhibit 46.

June 12, 2012 Culinary Academy of New York Inc.   Estimate financial Plan  Exhibit 47

August 12, 2012, Culinary Academy of New York Inc.   Student Title IV Aid
Information ............................................................................................Exhibit 48

Culinary Academy of New York Inc.  Plaintiff accomplishment..............Exhibits 49-53

June 4, 2012, Plaintiff requested a Leave of Absence request................Exhibit 54-56

August 10, 2012,  Plaintiff Complaint about Culinary Academy of New York Inc.  not
requesting ACCES-VR tuition fee, and SCA gave plaintiff a Ledger Card ...........Exhibit 57

February 22, 2013 Plaintiff  Complaint about Culinary Academy of New York Inc.  not
requesting ACCES-VR tuition fee Ledger Card....................................................Exhibit 58

May 11,2013 Plaintiff Complaint about Culinary Academy of New York Inc.   not requesting
ACCES-VR tuition fee Ledger Card....................................................................Exhibit 59

May 1, 2013 Plaintiff Complaint about Culinary Academy of New York Inc. not requesting
tuition from ACCES-VR Plaintiff was given an Ledger Card..........................Exhibit 60.

September 30, 2013 Plaintiff Complaint about Culinary Academy of New York Inc.  not
requesting ACCES-VR tuition fee Ledger Card " BAD DEPT WRITE OFF"...Exhibit 61

October 21, 2013 Plaintiff Complaint about Culinary Academy of New York Inc.  not
requesting ACCES-VR tuition fee Ledger Card...................................Exhibit 62.

ACCES-VR Due Process request form, where states: Form most be return to your local
ACCES-VR District Offices ...........................................................................Exhibit 63.

May 27, 2012 Plaintiff Complaint about Star Career Academy not requesting ACCES-VR
tuition fee Plaintiff was given a Star Career Academy Change Status
Form........................................................................................................Exhibit 64-70

December 17, Mony Lotfi Director of Admission email to New Director requesting
assistance for Plaintiff, because new Director of Culinary Academy of New York Inc.  ask
Plaintiff to leave School growns.......................................................................Exhibit 71

October 21, 2013 Plaintiff Complaint about Culinary Academy of New York Inc.  not requesting ACCES-VR tuition fee Plaintiff was given Star Career Academy Budget Worksheet ACCES-VR tuition payment status cancelled ..........................Exhibit 72,

Culinary Academy of New York Inc.  manual page 16.............................................Exhibit 73

December 17, 2013 Plaintiff Complaint about Culinary Academy of New York Inc.  not requesting ACCES-VR tuition fee, Plaintiff was given Star Career Academy Ledger Card where ACCES-VR tuition payment is "Bad Debt Write OFF".....................Exhibit 74, 75

February 28, 2013 Plaintiff visit ACCES-VR Bronx District Office after numerous complaint, to request tuition payment for Culinary Academy of New York Inc.  ACCES-VR Vocational Counselor  Isabel Gonzalez wrote letter to Culinary Academy of New York Inc.  and I quote:

**I have apologized for any inconvenience caused to him by any delay in the process, I will look further into Mr. Martinez case and resolve the matter as soon as possible letter date February 28, 2013...........................................................Exhibit 76**

**May 11, 2013,** Plaintiff was granted an Administrative review by ACCES-VR Bronx District Office, for Culinary Academy of New York Inc.  Tuition purposes and Plaintiff Transportation funds, where defendants wanted to send Plaintiff to be re-evaluated, Plaintiff complained about the process and requested the defendants to Process an Impartial hearing Application forms,  Defendants advice Plaintiff to call ACCES-VR Albany District.

**May 13 2013,** defendants Close Plaintiff ACCES-VR consumer case, because Plaintiff disagree with the defendants Plaintiff requested another Impartial hearing application form to be process defendants refuse to process application, defendants advice Plaintiff to call ACCES-VR Albany district...............................................................**Exhibit 77**

**May 20, 2013** ACCES-VR Albany District Office Ms. Mazzariello, denied Plaintiff  Impartial Hearing Request.......................................................................................**Exhibit 78**

August 20, 2013 ACCES-VR Albany District Office Ms. Mazzariello, denied Plaintiff another Impartial Hearing request............................. Exhibi79-82

June, 18, 2013  from CIDNY Plaintiff Impartial hearing requested by fax...Exhibit 83,84,84a.

October, 10, 2013 Plaintiff Complaint to ACCES-VR Albany District Office requesting an Impartial Hearing on the decision rendered on May 13, 2013, not March 24, 2011..............................................................................................................Exhibit 85-87

April19, 2013 Plaintiff Complaint to Center for Independence of the Disabled (CID-NY).................................................................Exhibit 88

April 22, 2013 Plaintiff Complaint to Client Assistance Program.............................Exhibit 89

May 15, 2013 Client Assistance Program closes offices in New York City..............................................................................................................Exhibit 90

July 25, 2013 Client Assistance Program close Plaintiff Complaint............................Exhibit 92.

Director of (CID-NY Client Assistance Program  letters to ACCES-VR requesting assistance for Plaintif  April 26, 2013; May 29, 2013,  June 18, 2013; September 3, 2013; September 23, 2013.   Exhibit 93-97.

April 23, 2013 Plaintiff Complaint to Bureau of  Proprietary  School  Supervision (BPSS) ...............................................................................................Exhibit 98-102

April, 23, 2013 (BPSS) Mr. Kramer refer Plaintiff complaint ACCES-VR FILE 1300041 to ACCES-VR Ms. Manzariello Albany District Office...............................Exhibit 105-107

January 9, 2014 Formal Complaint to Culinary Academy of New York because they never requested Tuition from ACCES-VR Inc. .............................................  ..Exhibit 108-116

December 23, 2014 Formal Complaint to Star Career Academy Corporate Office in NJ Certify Mail Return receipt................................................................Exhibit 108-117

November, 26 2013 Notice of Claim file with New York City Department Education 52 Chamber Street Room 320 New York New York 10007..........................Exhibit 118-128
Was turn away from NYCDE and send to New York City Law Department 100 Church Street Manhattan New York 10007.........................................................................Exhibit 129

December 2, 2013 The Comptroller Claims and Adjudications acknowledge Plaintiff complaint number Claim # 2013PIO30536....................................Exhibit 130, 131

December 3, 2013 The Comptroller Disallowance-Improper serve  Claim Number 2013PIO30536 agency; Department of Education, The proper agency to serve is NEW YORK STATE EDUCATION DEPARTMENT116 WEST 32ND STREET 5TH FLOOR NEW YORK, N.Y. 10001.................................................................................Exhibit 132

December 17, 2013 Office of Adult Career and Continuing  Education Services Bureau of Proprietary School Supervision (BPSS)  Investigations and Audit Unit 116 West 32nd Street 5th floor New York New York 10001 Mr. Edward G. Kramer refuse to take Plaintiff complaint Notice of Intent-Claim because  is not proper venue informed Plaintiff to send Complain Notice to Commissioner of Education Albany NY .........................Exhibit 133-135

December 20, 2013 Plaintiff send Complaint, Notice of Intent to Commissioner  of Education  89 Washington Avenue Albany New York 12234...............Exhibit 136-140

**ACCES-VR Procedure in Developing Plaintiff Individual Plan of Employment (IPE) which State Defendants have apologized for the delay Exhibits 141-144.**

**ACCES-VR REGULATIONS PART 247- CLIENT SERVICES  that Plaintiff qualify for  and services were denied ACCES-VR own Policies and procedures Exhibits 141a-162a**

February 12, 2014 Plaintiff went for the last time to Star Career Academy and requested copies of all documents of the enrollment agreement at Star Career Academy Plaintiff was given the following .........................................................................Exhibit 164-183

On May 29, 2015 Administrative Law Judge Kieran McCormack made a decision on Plaintiff SSI application stating Plaintiff have been disabled under 1614 (a)(3)(A) of the Social Security Act since November 27, 2012, the date the application for supplemental security income was filed **Exhibit 165a-176a.**

Social Security Administration Applicable Law **Exhibit 165a-176a page 2 of 7.**

Findings of Fact and Conclusions of Law **Exhibit 165a-176a page 3 of 7.**

When Plaintiff file Complaint on September 15, 2015, Plaintiff was not in the right state of mind, as the evidence present prove.

When Plaintiff file Complaint of September 15, 2014, Plaintiff was not in the right state of mind, see Doctor Faisal Chaudhy, M.D, Attending Psychiatrist **Exhibit 177a.**

**NATURE OF COMPLAINT AND CLAIM**
**AGAINST STATE DEFENDANTS**

17. Each paragraph in this Complaint incorporates all others.

18. unlawful discrimination under 29 U.S.C., 701 et seq., (The "Rehabilitation Act")  20 U.S.C.

1400 et seq., The Individual with Education Disability

Act (The IDEA)., 42 U.S.C. 12132 seq. et ; The American with Disability Act (THE ADA),

42 U.S.C. 1981 Equal right under the law 42 U.S.C. 1983 Civil Action for deprivation of

rights; 42 U.S.C. 1985 Conspiracy to interfere with civil right; 42 U.S.C. 1988 Proceedings in

vindication of Civil rights; U.S. Const. Amend. XIV 1. Due Process;  U.S. Const. Amend. XIV 1.

Equal Right; violations of 34  C.F.R. 361. 45 ; 34 C.F.R. 361. 48.

19. This case challenges the pervasive practices unlawful discrimination under 29 U.S.C., 701  et

seq., (The "Rehabilitation Act")  20 U.S.C. 1400 et seq., The Individual with Education

Disability Act (The IDEA)., 42 U.S.C. 12132 seq. et ; The American with Disability Act (THE

ADA), 42 U.S.C. 1981 Equal right under the law 42 U.S.C. 1983 Civil Action for deprivation of

rights; 42 U.S.C. 1985 Conspiracy to interfere with civil right; 42 U.S.C. 1988 Proceedings in

vindication of Civil rights; U.S. Const. Amend. XIV 1. Due Process;  U.S. Const. Amend. XIV 1.

Equal Right; violations of 34  C.F.R. 361. 45 ; 34 C.F.R. 361. 48; of State Defendant, this

Defendants make decision while working for ACCES-VR, here are their involvement.

Defendant Isabel Gonzalez –(ACCESS-VR B.D.)Bronx District Office Vocational Counselor

Neglected Plaintiff Individual Plan of Employment **Exhibit 76.** Close Plaintiff ACCES-VR case

on May 13, 2013 for no reason other than retaliation **Exhibit 77.**

20. Defendant Ann Huff-(ACCESS-VR B.D.) Bronx  District Office Senior Vocational Counselor

Close Plaintiff ACCES-VR case on May 13, 2013 for no reason other than retaliation **Exhibit**

**77.**

21. Defendant Robert Linton-(ACESS-VR B.D. )Bronx District Office Supervisor refuse to process

an Impartial Hearing Form, during an Administrative review Hearing dated May 11, 2013,

Mr. Linton also is responsible for Closing Plaintiff ACCESS-VR case on May 13, 2013, **Exhibit 77.**

22. Defendant Patricia Mazzariello- ACCES-VR Defendant Patricia Manzzariello-ACCES-VR Impartial Hearing Rehabilitation Provider Specialist, Albany District Office. Denying

23. Plaintiff an Impartial Hearing (Due Process) application form (ACCES-VR form VR-711) requested by Plaintiff to be Process. **Exhibit 78 and 79.** Ms. Mazzatiello also advice Plaintiff to reapply for ACCES-VR services, knowing Plaintiff had six months of Vocational Rehabilitation Services, and 180 Hours of Externship, require for Plaintiff to graduate Culinary Academy of New York Inc.

24. Defendants Manzzariello ACCES-VR Albany District Office denied Plaintiff Impartial Hearing request **on May 20, 2013** which Plaintiff is entitle, again on **August 20, 2013** State Defendant still refuse to Provide Plaintiff with an Impartial hearing twice **Exhibit 78 and 79** which Plaintiff is entitle pursuant to:

a. The Rehabilitation Act of 1973 codify **29 U.S.C. 722(c) (1) et seq.;**

b. The Individual with Disability Education Act (IDEA) guarantee Plaintiff a due Process Hearing **20 U.S.C. 1415 (5)(e)(f) et seq.**

c. Federal Regulation **34 C.F.R. 361.57 (i)(1)** guarantee Plaintiff a due process Impartial hearing.

d. **(ACCES-VR)** own Policies and Procedure guarantee Plaintiff an Due Process Hearing in the form of **Impartial Hearing Policy 105.00.**

e. **The Equal Protection of the laws Clause of the Fourteenth Amendment to the Constitution of the United States Of America** U.S. Const., Amend. XIV, 1. Provides no State shall "deny to any person within its jurisdiction the equal protection of the laws."

f. **The Due Process Clause of the Fourteenth Amendment to the Constitution of the United States Of America** U.S. Const., Amend. XIV, 1.  Substantive Due Process, guarantee Plaintiff Due Process in the form of an Impartial Hearing.

g. **The Due Process Clause of the Fourteenth Amendment to the Constitution of the United States Of America** "No State shall "deprive any person of life, liberty, or property, without due process of law"  U.S. Const., Amend. XIV, 1.

h. **42 U.S.C.1981** Equal Right under the Law.,

i. **42 U.S.C.1983** Civil Rights.,

25. Bronx District Office Supervisor Robert Linton- when refusing to process an Impartial hearing Application form on **May 11, 2013,**

     **ACCES-VR Impartial Hearing Form VR-711** states: **return form to ACCES-VR local office "Bronx district office."**

26. State Defendants knew that Plaintiff was entitle to an Impartial hearing and the Vocational Rehabilitation Services that Defendants denied **42 U.S.C.1981** Equal Right under the Law.

27. Defendants depriving Plaintiff Vocational Rehabilitation Services under The Rehabilitation Act 1973 29 U.S.C. 701 et seq. and of Civil Rights violated **42 U.S.C.1983** Deprivation of Rights.

28. State Defendant Conspiracy to interference with civil right advising Plaintiff to reapply for vocational Rehabilitation Services when Plaintiff Already have six months of Vocational Rehabilitation services and 180 hour of Externship, violated **42 U.S.C. 1985.**

29. Action for Neglect to prevent, State Defendant Knew there was a delay in the process, of the Vocational Rehabilitation Services Plaintiff was entitle to,  they had the power to make this Delay right, and State Defendant did not **42 U.S.C. 1986.**

30.  State Defendants knew that Plaintiff was entitle to tuition funds for Culinary Academy of New York Inc.

31. Client Assistance Program (CAP) requested the State defendants to help Plaintiff with tuition feed and an Impartial hearing request, that request was ignored by State Defendant.

32. Culinary Academy of New York Inc. requested State defendants to help Plaintiff with tuition fee and ACCES-VR Bronx District Office refuse to pay Culinary Academy of New York Inc.

33. State Defendant refuse to grant an Impartial Hearing; advising Plaintiff "if you would like to reapply for ACCES-VR services contact ACCES-VR, **"you don't qualify for an Impartial Hearing, 42 U.S.C. 1986, 42 U.S.C. 1985; 42 U.S.C.1983.**

34. State Defendants try everything to convince Plaintiff to stop the process, to persuade Plaintiff not to pursuit tuition funds, transportation funds and a Due process in the form of an Impartial hearing clearly violating **42 U.S.C. 1985** Conspiracy to interference with civil right, and 42 U.S.C. 1983, U.S. Const. Amend. XIV 1.

35. **Why State defendants wanted Plaintiff so desperately** to reapply for ACCES-VR Vocational Rehabilitation Services ? knowing Plaintiff finishing a Vocational Training, an had 180 hour of externship of the 300 hour require for plaintiff to graduated, and State Defendant ordered Plaintiff to be **re-evaluated, advicing Plaintiff to reapply for ACCS-VR Services,** misleading Plaintiff.

36. Instead of paying Culinary Academy of New York Inc. their Tuition fee or granting an Impartial hearing to Plaintiff pursuant to the Laws mention herein which was requested within the 90 days limit in accordance with **Title 8.247.4, 29 U.S.C. (c)(5); 34 C.F.R. 361.57 (e), State Defendant, neglected Plaintiff creating more delay that was already stablished.**

37. Because State Defendants ACCES-VR knew they violated the Laws mention here and New York State and New York City Laws Mention hereinto Education Law were violated according with the facts of Plaintiff complaint, they close Plaintiff ACCES-VR case and advise Plaintiff to Reapply for ACCES-VR services,

38. State Defendant ACCES-VR knew about the inconvenience cause to Plaintiff and wanted
    Plaintiff to be re-evaluated, denying plaintiff numerous Due Process request; refusing to pay
    tuition to Culinary Academy Of New York Inc, Plaintiff did not need it to be re-evaluated, an
    re-evaluation is to determinate a Vocational Goal, Plaintiff already have a six months of
    Plaintiff Vocational Goal.

39. All State defendants knew; and they refuse to take action to prevent, had the Power to help
    Plaintiff and refuse to make the situation right, by refusing State defendants neglected
    Plaintiff Civil Rights and violated the **42 U.S.C. 1986** Action for Neglect to prevent.

40. ACCES-VR provides vocational rehabilitation services to disable individual and no-disable
    under The Rehabilitation Act 1973 (THE ACT) 29 U.S.C. 720-728a; 34 C.F.R. 361; N.Y. Edu.
    Law 1001-10; N.Y. Comp Codes R. & Regulation; Title 8 247.

41. Plaintiff qualified for ACCES-VR Vocational Rehabilitation Services pursuant to
    The Rehabilitation Act 1973, 29 U.S.C. 722-728a et seq.,
    Individual with Disability Education Act (IDEA), 20 U.S.C. 1400 (d)(1)(A) et seq.; American
    with Disability Act 1990 (ADA)-42 U.S.C. 12131 (2) Qualified individual with a disability
    meets the essential eligibility requirements for the receipts of services of the participation
    in programs or activities provide by a public entity;
    Subchapter II Public Services.,
    34 C.F.R. 361 et seq. Vocational Rehabilitation Services.

42. State Defendant Isabel Gonzales designed an Individual Plan for Employment ("IPE") for
    Plaintiff to enroll at Ferrari Driving School each eligible recipient ("Consumer") and
    provides that consumer with the vocational rehabilitation services necessary to reaching
    the goals set out in the IPE pursuant to 29 U.S.C. 722 (b), 723 (A); 34 C.F.R. 361.45, 361.48;
    N.Y. Education Law 1004(2); N.Y. Comp. Codes Rules and Regulation. Title 8 247.11. 247.13.
    **Exhibit 5-6.**

43. The Rehabilitation Services are primarily provided by ACCES-VR-approved venders  who are reimbursed by the State. N.Y. Comp. Codes Rules and regulation title 8. 247.16.

44. First Plaintiff enrolled at Ferrari Driving School for vocational Rehabilitation Services Plaintiff attended Ferrari Driving School for around 37 days.

45. Plaintiff does not know the exact days because Ferrari driving School does not have the record or refuse to provide Plaintiff with attendance driving classes record,  Education Laws 5005 Disclosure to Students (1)-(8)-a-g.

46.  Plaintiff could not drive because of heavy medication and Plaintiff Psychologist requested a driving classes schedule change, **Exhibit 9.**

47. Ferrari Driving School refuse to change Plaintiff Driving classes schedule.

48. Plaintiff explain to ACCES-VR about what happen at Ferrari Driving School and ACCES-VR Defendant Isabel Gonzales advice Plaintiff to take a break if the medication is too heavy.

49. Plaintiff was droop from Ferrari Driving School on **June 23, 2010 Exhibit 13**

50. ACCES-VR cancel Plaintiff Ferrari Driving School enrollment agreement around **April 25, 2011 Exhibit 16-17,**  but Plaintiff remain a consumer of ACCES-VR Bronx District.

51. ACCES-VR Albany District Office close Plaintiff ACCES-VR case on **March 24, 2011.Exhibit 78.**

52. Plaintiff provided ACCES-VR Vocational Counselor with a Food Handler Certificate Plaintiff received while incarcerated from the Department of Correction for ACCES-VR to review **29 U.S.C. 705 (A) (1)** "review of exiting data" for the purpose of  **amending Plaintiff Individual Plan of Employment (IPE)** in accordance with (The ACT) **29 U.S.C. (b) (2) (E) (ii).**

53. Ms. Gonzales change Plaintiff  IPE and send Complainant to Culinary Academy of New York Inc. a culinary School on 154 West 14 Street NY 10011 around June/2011.

54. **ACCES-VR Policy: 206.00 Individualized Plan for Employment: Can I change my IPE after it is approved? Yes, but you must get approval from your ACCES-VR counselor before you make any changes. ACCES-VR will review your request, and let you know if the changes are approved. It is very important that you tell ACCES-VR as soon as possible about any changes that might affect your plan. You and your counselor will review and update your plan at least once a year.**

55. Plaintiff was accepted to enroll at Culinary Academy of New York Inc on **May 16, 2011 Exhibit 21.**

56. State Defendants ACCES-VR send Plaintiff to Culinary Academy of New York Inc. a Vocational School for Vocational Rehabilitation Services 29 U.S.C. 722 et seq. with an ACCES-VR award (Voucher for "Tuition Funds").

57. After six months of Vocational Training Services at Culinary Academy of New York Inc. where Plaintiff had to take two Leave of Absence and fail the Baking Cake Decoration had 180 hour of the 300 require for Plaintiff to graduated.

58. State Defendants ACCES-VR Bronx District had not pay tuition to Culinary Academy of New York Inc. because of a delay in the process by the State defendants ACCES-VR Bronx Isabel Gonzales cause a delay and Plaintiff numerous inconvenience **which she apologized on a letter dated February 28 2013 Exhibit 76**

that violated:

    a.   The Rehabilitation Act 29 U.S.C. 701-728a et seq.;

    b.   The Individual with Disability Act 20 U.S.C. 1400 et seq.;

    c.   34 FRC 361 et seq.;

    d.   The America with Disability Act 42 U.S.C. 12101et seq.

    e.   Title 8. Education Department Chapter II Regulation of the Commissioner

    f.   Subchapter F. Part 126.1-126.17(a)(5).

    g.  Part 247; 247.11; 247.13; 247.16; 247.4; 247.4 (i).

    h.  New York Education Law Article 101 1001-10 (McKinney 2007); 1004 (2).

59. After numerous complaints ACCES-VR finally wrote a letter to Culinary Academy of New York Inc.

60. Plaintiff quote letter dated **February 28, 2013 Exhibit 78.**

a. **"My name is Isabel Gonzalez, and I am the ACCES-VR counselor working with Mr. Juan R. Martinez. He was seen by me today 02/28/13 to inquire on the status of his vocational case (in regards to training and transportation.)**

61. State Defendants knew long before **February 28, 2013,** that Plaintiff needed Culinary Academy of New York Inc. Tuition fee to be pay.

62. State Defendant Culinary Academy of New York Inc. representative Phill Roman E-Mail ACCES-VR requesting tuition payment on <u>**December 5, 2011; Exhibit 32-38**</u> Plaintiff have already attendance Star Career Academy for four months and ACCES-VR have not pay tuition.

63. Culinary Academy of New York Inc. phycologist Mr. Mosse, inquire about Plaintiff Transportation funds by phone before providing Plaintiff with a Metro Card which goes with Culinary Academy of New York Inc tuition payment, **Exhibit 31**

64. Now on **February 28, 2013** State Defendants ACCES-VR apologized Plaintiff quote: **Exhibit 78**

a. **"I have apologized for any inconvenience caused to him by any delay in the process"**

65. Plaintiff enrollment agreement dated on **August 1, 2011,** to star vocational training on **August 16, 2013** <u>two years later</u> State Defendant ACCES-VR still have not pay Culinary Academy of New York Inc tuition nor provide Plaintiff with transportation funds.

66. A delay and inconvenience cause by State Defendants which they apologized on letter dated February 28, 2013 almost two years later, a delay that violated The Rehabilitation Act (The ACT) 29 U.S.C. 701-794.

    a.   The Individual with disability Education Act  (IDEA), 20 U.S.C. 1415 et. Seq.

    b.   Federal regulation 34 CFR 361 et seq.

    c.   Title 8 126.1-126.17;

    d.   Education Law 5001-5010

    e.   Equal Right Clause on the Fourteenth Amendment,

    f.   Plaintiff Civil Right 42 U.S.C. 1983.

67. After numerous complaints Plaintiff requested an administrative review from State Defendants ACCES-VR pursuant to  29 U.S.C. 722 et seq.  34 CFR 361.5el seq. ;20 U.S.C. 1415 et seq. to inquire about Culinary Academy of New York Inc fee payment which is not Plaintiff responsibility.

68. State Defendant ACCES-VR granted mediation in the form of an Administrative review which took place on **May 11, 2013** three months after defendants apologized for a delay in the process **February 28, 2013** and the inconvenience cause to Plaintiff, knowing that any mediation request shall be granted within two weeks of request pursuant to **29 U.S.C. 722 et seq.**

69. During the Administrative Review, Defendant refusing to acknowledge Plaintiff accomplishments, refusing to provide the services that were promise on the Individual Plan of Employment (IPE) amended.

70. Plaintiff Complaint about the process at the Administrative review  on **May 11, 2013,** Plaintiff requested State Defendant  Gonzalez, Haff, and Lipton to process an Impartial Hearing Application form to be process pursuant to 29 U.S.C. 722 (c) (1), right after the Administrative Review was over defendants refuse, advising Plaintiff to call  State Defendant ACCES-VR Albany District Office Patricia Manzzariello- Impartial Hearing

Rehabilitation Provider, knowing that ACCES-VR **Impartial Hearing Request Form**

**""Clearly states to be return to your ACCES-VR local office""** (IH Form 711).

71. At the Administrative Review Defendant Gonzalez, Ms. Haff, and Lipton were present, State

   Defendants ordered Plaintiff to be **re-evaluated.**

72. State Defendants still refused to Pay Culinary Academy of New York Inc tuition, **<u>after the</u>**

   **<u>fact that a Delay in the Process have been established</u>**, and STATE DEFENDANT

   APOLOGIZED FOR THE INCONVINIENCE OF TWO YEARS OF DELAY.

73. State Defendant refuse to process IH Application Form and ask Plaintiff to call Defendant

   Patricia Manssariello to create more delay, or to cover up something that.

74. On **May 13, 2013** Defendants ACCES-VR close Plaintiff ACCES-VR case,  Plaintiff quote letter
   date **May 13, 2013: <u>Exhibit 77</u>**

**<u>a." this is to let you know that your case was closed on May 13 2013 because you have not</u>**
**<u>made reasonable efforts to cooperate in carrying out your vocational plan".</u>**

75. What other cooperation State Defendants wanted from Plaintiff.

   a. Plaintiff already had a Vocational Rehabilitation Goal on the (IPE) which defendants

      neglected, in processing. Under-minding Plaintiff Civil Rights, ACCES-VR own Policies and

      Procedures.

   b. Plaintiff attendance of six months of Vocational Training Services.

   c. Plaintiff had to take two Leave of Absence and fail the Baking Cake Decoration because of a

      delay by the defendants that cause numerous inconvenience to Plaintiff.

   d. Plaintiff had 180 hour of Externship of the 300 required for Plaintiff graduation.

76. State Defendants ACCES-VR did not care about Plaintiff accomplishments, because

   defendants ACCES-VR knew, long before **February 28, 2013** where they apologized for a

   delay in the process that the next step in Plaintiff ACCES-VR case was for defendants to pay

   Star Career Academy tuition fee and Star a Self-Employment Plan.

77. **<u>Plaintiff quote Letter dated May 13, 2013: Exhibit 77</u>**

**a."We discussed this closure with you and found you did not want to participate in the next steps of trying to determine an appropriate vocational goal.**

78. The next steps of trying to determine an appropriate vocational goal".

    "Outrageous", a blatant disregard for Plaintiff Civil rights.

79. A blatant disregard to the Laws that regulate the Vocational Rehabilitation  Services ACCES-VR provide to disable and non-disable individuals and Plaintiff was supposed to received.

80. Defendants blatant disregard for Plaintiff numerous complaints while a student at Culinary Academy of New York Inc. accomplishments.

81. State Defendants are the ones that did not took the steps necessary to process Plaintiff ACCES-VR amended Individual Plan of Employment accordingly with the Laws mention herein.

**82.** Negligence of Plaintiff Rehabilitation Services under 29 U.S.C. 701 et seq. 34 CFR 361 et seq. 20 U.S.C. 1400et seq.

**Plaintiff already had an Vocational Rehabilitation Goal  on the Amended (IPE).**

83. After six  months of Vocational Training Services where Plaintiff had to take two Leave of Absence. Fail the Baking Cake Decoration because of the inconvenience defendant cause. had 180 hour of the 300 require for Plaintiff graduation.

**"Plaintiff  next steps of trying to determine an appropriate vocational goal Outrageous".**

84. State Defendants ACCES-VR not only violated the laws mention here in, but the Principles of what ACCES-VR stands for, ACCES-VR fail Plaintiff again and again, and still have not pay tuition to Culinary Academy of New York Inc.

85. Plaintiff quote Letter dated **May 13, 2013: Exhibit 77.**

**a."If you do not agree with this decision by ACCES-VR, you have the right to ask for a review of the decision through impartial hearing": "A request for a review must be made within 90 days of the date of this letter"; "A form requesting a review can be obtained by Judith Pina, District Office Manager"**

86. Plaintiff requested the Impartial Hearing application form to be process on **May 11, 2013,** when defendants ACCES-VR wanted to send Plaintiff to be re-evaluated request denied.

87. Plaintiff quote Letter dated **May 13, 2013: Exhibit 77.**

### a."Please remember that the Client Assistance Program (CAP) is available to help you with this process"

88. Plaintiff requested assistance from (CAP), and (CAP) asked State defendants ACCES-VR to

    assist Plaintiff in obtaining an Impartial Hearing, State Defendants ignored Client

    Assistance Program. Impartial Hearing was requested on **June 18, 2013 Exhibit 83, 84**,

    Plaintiff ACCES-VR case was close on **May 13, 2013 Exhibit 77** Impartial hearing was

    requested within the 90 days by Fax from CAP office.

89. State Defendant ACCES-VR Albany District  denied Plaintiff Impartial Hearing Request

    **Exhibits 78,79,80,81,82.**

90. Client Assistance Program request State Defendants to assist Plaintiff, CAP have the

    authority to pursue administrative and other appropriate remedies to ensure the protection

    of rights of individuals with disabilities who are receiving treatments, services, or

    rehabilitation pursuant to **29 U.S.C. 732 (b)(1),** CAP assist Plaintiff but that authority was

    ignored by the State defendants, when refusing to grant an Impartial Hearing as requested

    by Client Assistance Program CAP on numerous letter and by phone **Exhibits 88, 93-96.**

91. Plaintiff quote Letter dated **May 13, 2013: Exhibit 77**

### a."If at any time you feel your circumstances have change, you may reapply for services by contacting our office".

92. Plaintiff circumstances have not change, State Defendants fail to process Plaintiff Amended

    (IPE), State Defendant fail to pay tuition, State Defendants negligence cause Plaintiff Mental

    anguish and distress.

93. State Defendants close Plaintiff ACCES-VR consumer case on **May 13, 2013 Exhibit 77,** for

    no reason other than retaliation, denying Plaintiff the Vocational Rehabilitation Services

    that were promise under the Amended Individual Employment Plan (IPE), which they admit

    there was a delay in the process, on Letter dated **February 28, 2013 Exhibit 78.**

94. State Defendant Order Plaintiff to be re-evaluated to determine an appropriate Vocational Goal, **ACCES-VR policies and Procedures 1282.00 Neuropsychological Evaluation and 1320.00 Cognitive Remediation Services Policy.**

95. Plaintiff did not needed to be **Re-Evaluated** to determine an Appropriate Vocational Goal as defendants stated on letter dated **May 13, 2013, Exhibit 77.**

96. Defendants deviating from ACCES-VR Policies and Procedures and try to persuave Plaintiff to forget about Culinary Academy of New York Inc. Tuition Fee by staring all over the ACCES-VR process.

97. Plaintiff was advice by State defendant ACCES-VR Bronx Office to request an Impartial hearing from ACCES-VR Albany District Office within the 90 days limit in accordance with **Title 8.247.4, 29 U.S.C. (c)(5); 34 C.F.R. 361.57 (e).** Plaintiff made the request within the 90 days limit , request denied, **Exhibit 78, 79-82.**

98. State Defendants ACCES-VR Albany District Office Patricia Manzzariello- Impartial Hearing Rehabilitation Provider denied Plaintiff an Impartial Hearing requested, in violation of the laws mention herein to **Exhibit 78, 79-82.**

99. Plaintiff is entitle to a due Process in the form of an Impartial Hearing under

a. The Rehabilitation Act of 1973 29 U.S.C. (c) (1) et seq.;

b. The Individual with Disability Education Act (IDEA) guarantee Plaintiff a due Process Hearing 20 U.S.C. 1415 (5)(e)(f) et seq.

c. Federal Regulation 34 C.F.R. 361.57 (i)(1) guarantee Plaintiff a due process Impartial hearing.

d. ACCES-VR own Policies and Procedure Guarantee Plaintiff an Due Process Hearing guarantee Plaintiff a Due Process Impartial hearing, Policy 105.00.;

e. The Due Process Clause of the Fourteenth Amendment to the Constitution of the United States guarantee Plaintiff Due Process.

100.     State Defendants ACCES-VR refuse to pay Culinary Academy of New York Inc.

Tuition fee.

According to Letter date **February 28, 2013** State defendants apologized for the delay and the

inconvenience cause to Plaintiff, a delay that violated

a.   The Rehabilitation Act 1973 29 U.S.C. 701 et seq.

b.   The Individual with Disability Education Act  (IDEA) 20 U.S.C. 1400 et seq.

c.   The Services Provision of The American with disability Act 1990 42 U.S.C. 12101 et seq.;

101.     State Defendant denied Plaintiff Vocational rehabilitation Services and Due Process

which created violations of:

a.   42 U.S.C. 1983 Civil Action for deprivation of rights or privileges

b.   42 U.S.C. 1985Conspiracy to interfere with Civil right

c.   42 U.S.C. 1986 Action for Neglect to prevent

d.   42 U.S.C. 1988 Vindication of Civil rights

e.   The Due Process Clause of The Fourteenth Amendment U.S. Const. Amend. XIV 1.

f.   The Equal Right Clause of the Fourteenth Amendment U.S. Const. Amend. XIV 1.

102.     State Defendants send Plaintiff to Culinary Academy of New York Inc. without

processing any documents, nor requesting any assistance from ACCES-VR Albany District

Office in violation of the

a.   29 U.S.C. 701 et seq.

b.   20 U.S.C. 1400 et seq.

c.   34 CFR 361et seq. ;

d.   Title 8. Education Department Chapter II Regulation of the Commissioner Subchapter F.

Part 126.1-126.17(a)(5);

e.   New York Education Law Article 101 1001-10;

f.   New York Education Laws 5001-5010.

g.  ACCES-VR own Policies and Procedures.

103.    After six months of Vocational Training Services at Culinary Academy of New York

Inc. where Plaintiff had to take two

a.  Leave of Absence and fail the Baking Cake Decoration had

b.  180 hour of the 300 require for Plaintiff graduation

104.    State Defendants ACCES-VR had not pay tuition to Star Career Academy because of a

delay in the process by the defendants ACCES-VR  cause Plaintiff numerous inconvenience

and violated

a.  The Rehabilitation Act 29 U.S.C. 701-728a et seq.;

b.  The Individual with Disability Act 20 U.S.C. 1400 et seq.;

c.  34 FRC 361 et seq.;

d.  The America with Disability Act 42 U.S.C. 12101et seq.

e.  New York State Education Laws.

### VOCATIONAL REHABILITATION SERVICES PURSUANT TO THE REHABILITATION ACT 1973 CODIFY 29 U.S.C. 701 et seq.

105.    State Defendant (ACCES-VR) denied Plaintiff the following Vocational Rehabilitation

Services under **The Rehabilitation Act 29 U.S.C. 701et se.** when neglecting Plaintiff

Individual Plan of Employment amended and closing Plaintiff ACCES-VR on **March 24,**

**2011, Exhibit 78** without processing Plaintiff IPE amended and without informing Culinary

Academy of New York Inc. in accordance with;  **29 U.S.C. 722 (c)(2)(B)(iii)** upon reduction,

suspension, or cessation of vocational rehabilitation services for that individual, ACCES-VR

was supposed to notify Culinary Academy of New York Inc. and Plaintiff, that Plaintiff

ACCES-VR case was close on **March 24, 2011 Exhibit 78.**

**34 CRF 361.43 Procedures for ineligibility determination:**
If the State Unite determines that an applicant is ineligible for vocational rehabilitation services or
determines that an individual receiving services under an individualized plan for employment is no
longer eligible for services the state unit must-

**Pursuant to 34 CFR 361.43 (a)** Make the determination only after providing an opportunity for full consultation with the individual or, as appropriate, with the individual representative, in this case Culinary Academy of New York Inc. Representative that enrolled Plaintiff Defendant Phil Roman.

106.      State Defendant ACCES-VR Albany District Defendant Patricia Mazzariello

Rehabilitation Provider Specialist  states on letter dated **May 20, 2013 Exhibit 78.**

**[Upon review of your complaint]** it is my understanding that your case was closed on **March 24 2011.** Because of the length of time that has elapsed, you are unable to exercise your due process right, denied Plaintiff Impartial hearing request, **first denial.**

**Your ACCES-VR case was close on March 24, 2011, that was when Plaintiff attended Ferrari Driving School  Exhibit 78;**

107.      Plaintiff ACCES-VR case was not close, Plaintiff Ferrari Driving School Enrollment Agreement was cancel on **April 25, 2011 Exhibit 16,17.**

**108.**      Plaintiff  IPE was amended  for Plaintiff  to attend Culinary Academy of New York Inc.

109.      Plaintiff was Congratulated by Star Career Academy Executive Director on **May 16. 2011 Exhibit 21,**  to star Vocational Rehabilitation Services on **August 16, 2011.**

110.      Plaintiff did not when to a Vocational School for Vocational Rehabilitation Services for free, like State Defendant stated to Plaintiff, when Plaintiff Complaint about tuition, Plaintiff went to Vocational School illegally, because ACCES-VR Bronx District never process Plaintiff Amended IPE, but approved the enrollment agreement with Culinary Academy of New York Inc.

a.   For Plaintiff to enroll at Culinary Academy of New York Inc. There is a process that included an amended Individual Plan of Employment, which Plaintiff gave to Defendant Phil Roman Culinary Academy of New York Inc. which enrolled Plaintiff, (Defendant Phil Roman no longer works for Culinary Academy of New York Inc.)

b.   **34 CRF 361.43 Procedures for ineligibility determination:**
   a.   If the State Unite determines that an applicant is ineligible for vocational rehabilitation services or determines that an individual receiving services under an individualized plan for employment is no longer eligible for services the state unit must-

c. **Pursuant to 34 CFR 361.43 (a)** Make the determination only after providing an opportunity for full consultation with the individual or, as appropriate, with the individual representative, in this case Culinary Academy of New York Inc. Representative that enrolled Plaintiff Defendant Phil Roman.

111.     Plaintiff never was given the opportunity for a full consultation nor Culinary

Academy of New York Inc. was advice that Plaintiff ACCES-VR was close on **March 24, 2011.**

**Exhibit 78.**

112.     Plaintiff ACCES-VR was close on **March 24, 2011,** without giving Plaintiff the

opportunity to challenge ACCES-VR Bronx District office decision. **Exhibit 78.**

a. **Pursuant to 34 CFR 361.43 (b)** Inform the individual in writing, supplemented as necessary by other appropriate modes of communication consistent with the informed choice of the individual, of the ineligibility determination, including the reason for that determination, the requirements under this section and the means by which the individual may express and seek remedy for any dissatisfaction, including the procedures for review of the State unit personnel determination in accordance with 361.57.

b. **34 CFR 361.44 Closure without eligibility determination:**
   a. The designated State unit may not close an applicants' s record of services prior to making an eligibility determination unless the applicant declines to participate in or is unavailable to complete, an assessment for determining eligibility and priority for services, and the State unite has made a reasonable number of attempts to contact the applicant or, if appropriate the applicants representative to encourage the applicant's participation.

113.     Plaintiff requested an Impartial Hearing of the decision rendered on **May 13, 2013,** Impartial haring request denied. **Exhibit 78.**

a. **29 U.S.C. 722 (c)(5)(I)** Implementation To challenge a final decision of a State reviewing official.

b. **29 U.S.C. 722 (c)(1)**Each State shall establish procedures for mediation of, and procedures

for review through an impartial due process hearing of determinations made by personal of

the designated State unit that affect the provision of vocational rehabilitation services, to

applicants or eligible individuals.

c. **29 U.S.C. 722 (c)(2)(B)(iii)** upon reduction, suspension, or cessation of vocational

rehabilitation services for that individual.

114.     State Defendants (ACCES-VR) never notify Plaintiff nor Culinary Academy of New York Inc. that Plaintiff ACCES-VR case was close on **March 24, 2011, Exhibit 78.**

a.   <u>29 U.S.C. 722 (c)(2)(A)</u> Rights and Assistance The procedures shall provide that an applicant or an eligible individual or, as appropriate, the applicants representative or individuals representative shall be notified.

115.     Plaintiff statutory rights to Impartial Hearing was denied.

a.   <u>29 U.S.C. 772 (c)(2)(A)(i)</u> the right to obtain review of determinations described in paragraph (1) in an Impartial due process hearing under paragraph (5).

116.     When closing Plaintiff ACCES-VR case on **March 24, 2011**, without any Due Process of Law, without Notice to Defendant Culinary Academy Of New York Inc. nor Plaintiff.

117.     Plaintiff never received Transportation Fund from State Defendant (ACCES-VR Bronx District Office) to attend Culinary Academy of New York Inc. **Exhibit 31.**

a.   **29 U.S.C. 723 (a)(8)** transportation,, including adequate training in the use of public transportation, that is provide in connection with the provision of any other service described in this section and needed by the individual to achieve an employment outcome.

118.     After Plaintiff Graduated Plaintiff qualify for other ACCES-VR Services, Those Services were denied when Closing Plaintiff ACCES-VR case on **March 24, 2011** and on **May 13, 2013 Exhibit 77and Exhibit 78.**

**29 U.S.C. 723 (a)(4)** Job-related services, including job search and placement assistance, job retention services, follow up services, and follow along services.

119.     State Defendant (ACCES-VR Bronx District) review existing data to Asses Plaintiff for Culinary Academy of New York Inc. but never process the Amended IPE.

**29 U.S.C. 705 (b)(2)** "Assessment for determining eligibility and vocational rehabilitation needs" means:(A)(i) a review of existing data, (Food Services Certificate), Plaintiff Provided for an Amended Individual plan of Employment.

120.     Plaintiff satisfy the vocational outcome, but State Defendant fail to pay Tuition

which created more delay to Plaintiff Employment outcome.

**29 U.S.C. 705 (11)(B)** Employment outcome: satisfy the vocational outcome of supported

employment.

121.     State Defendant ACCES-VR created more delays on Plaintiff Goal of Operating a Food

Vending Truck Self-Employment  pursuant:

**29 U.S.C. 705 (11)(C)**Satisfying any other vocational outcome the secretary may determine to be

appropriate (including satisfying the vocational outcome of **self-employment,** or business

ownership, in a manner consistent with this chapter **29U.S.C. 701 et seq.**

122.     The Vocational Rehabilitation Services were denied to Plaintiff when Closing

Plaintiff ACCES-VR case on **March 24, 2011,** and again on **May 13,, 2013. Exhibit 77and**

**Exhibit 78.**

a.   **29 U.S.C 723  (a)** Vocational Rehabilitation Services:

b.   Vocational rehabilitation services provided under this subchapter are any services

described in an individualized plan for employment necessary to assist an individual with a

disability in preparing for, securing, retaining, or regaining an employment outcome that is

consistent with the strengths, resources, priorities, concerns, abilities, capabilities, interests

and informed choice of the individual.

c.   **29 U.S.C. 723 (a)(16)** supported employment Services.

d.   **29 U.S.C. 723 (a)(5)** Vocational and  other training services, including the provision of

personal  and vocational adjustment services.

e.   **29 U.S.C. 705 (13)** Extended Services

123.     State Defendants ACCES-VR  referred Plaintiff to Culinary Academy of New York Inc.

for Culinary Vocational Training.

29 U.S.C. 723 (a)(3) referral and other services to secure needed services from other agencies

through agreements developed under section 29 U.S.C. 722(d).

124.     Plaintiff Qualify for other ACCES-VR services once Plaintiff graduated from Culinary

Academy of New York Inc. Those services were denied to Plaintiff when Closing Plaintiff

ACCES-VR case on **March 24, 2011, and again on May 13, 2013. Exhibit 77, 78.**

a.  **29 U.S.C 723 (a)(6)** Comparable Services and benefits consist with section **29 U.S.C. 721**

**(a)(8)(A)** other than the designated State unit, diagnosis and treatment of physical and

mental impairment including,

b.  **29 U.S.C.723 (a) (6)(F)** diagnosis and treatment for mental and emotional disorders by

qualified personal who meet state licensure laws.

c.  **29 U.S.C. 723 (a)(7)** Maintenance while receiving Services under an individualized plan for

employment.

d.  **29 U.S.C 723 (a) (18)** specific post-employment services necessary to assist an individual

retain, regain, or advance in employment.

e.  Plaintiff Vocational Rehabilitation Vocational Services were pursuant to

**29 U.S.C. 701 (b)(1)** to empower individual with disability to maximize employment,

economic self-sufficiency, independence, and inclusion and integration into society through,

**29 U.S.C. 701 (b)(1)(D) training, (F)** the guarantee of equal opportunity.

**These process was neglected by all State defendants. See Exhibit 76 where ACCES-VR**
**APOLIGIZED twenty one months later, letter dated February 28, 2013 Exhibit 76.**

125.     During this twenty one month Plaintiff Complain about the delay of the Process of

Plaintiff Tuition for Culinary Academy of New York Inc.

126.     State Defendant (ACCES-VR) try to cover the delay in the process of sending Plaintiff

to Culinary Academy of New York Inc. without first processing the proper amended IPE,

advising Plaintiff to reapply for ACCES-VR Services.

127.     State Defendant (ACCES-VR) on an Administrative review dated **May 11, 2013** that took place for the purpose of tuition for Culinary Academy of New York Inc.  order Plaintiff to be re-evaluated.

128.     On **May 13 2013,** State defendants Close Plaintiff ACCES-VR consumer case, because Plaintiff disagree with the State defendants when State Defendants wanted to send Plaintiff to be re-evaluated Plaintiff requested  **Impartial hearing application form** to be process to challenge the decision of defendants to send plaintiff to be re-evaluated defendant refuse to process impartial hearing application form on **May 13 2013** defendants advice Plaintiff to call ACCES-VR Albany district **Exhibit 77.**

**THE DUE PROCESS CLAUSE OF THE  FOURTEENTH AMENDMENT TO THE CONTITUTION OF THE UNITED STATE OF AMERICA U.S. Const., Amend. XIV, 1 GUARANTEE PLAINTIFF DUE PROCESS; DUE PROCESS WAS DENIED WHICH VIOLATED THE DUE PROCESS CLASUE OF THE FURTEENTH AMENDMENT TO THE CONSTITUTION AND PLAINTIFF CIVIL RIGHTS UNDER 42 U.S.C. 1983**

129.     **June, 18, 2013** from CIDNY Plaintiff Impartial hearing requested by fax to challenge State Defendant (ACCES-VR decision of sending Plaintiff to be re-evaluated and now to challenge **Exhibit 83 ,84.**

130.     (ACCES-VR decision rendered on **May 13, 2013 Exhibit 77,** of closing Plaintiff ACCES-VR Impartial Hearing Request denied **Exhibit 83 ,84.**

131.     State Defendant (ACCES-VR) refused to process an Impartial Hearing Application form requested by Plaintiff, on **May 11, 2013** during the Administrative review.

132.     State Defendant (ACCES-VR Albany District) denied Plaintiff an Impartial Hearing requested on **June 18, 2013 Exhibit 78.**

133.     **May 20, 2013** ACCES-VR Albany District Office Ms. Mazzariello, denied Plaintiff Impartial Hearing Request  **Exhibit 78.**

134.     **August 20, 2013** ACCES-VR Albany District Office Ms. Mazzariello, denied Plaintiff another Impartial Hearing request **Exhibit 79-82.**

135.      October, 10, 2013 Plaintiff Complaint to ACCES-VR Albany District Office requesting an Impartial Hearing **Exhibit 79-82.**

**THE REHABILITATION ACT 1973 GUARANTEE PLAINTIFF A DUE PROCESS IN THE FORM OF AN IMPARTIAL HEARING DUE PROCESS WAS DINIED WHICH VIOLATED PLAINTIFF CIVIL RIGHT UNDER 42 U.S.C. 1983.**

a. **Impartial Hearing was requested within the 90 days limit in accordance with**
b. **Title 8.247.4,**
c. **29 U.S.C. 722 (c)(5);**
d. **34 C.F.R. 361.57 (e).**

136.      State Defendants (ACCES-VR) at the administrative review dated **May 11, 2013,** ordered Plaintiff to be re-evaluated. Refusing to pay tuition to Culinary Academy of New York Inc. creating more delays to the Vocational Rehabilitation Services, State Defendants already apologized for the delay and the inconvenience on a letter dated **February 28, 2013 Exhibit 76.**

a. <u>29 U.S.C. 722 (c)(4)(B)</u> Requirements Such procedures shall ensure that the mediation process:

    a. (i)is voluntary on the part of the parties;

    b. <u>**(ii)is not used to deny or delay the right of an individual to a hearing under this subsection, or to deny any other right afforded under this subchapter;**</u> and

    c. <u>(iii) is conducted by a qualify and impartial mediator who is trained in effective mediation.</u>

137.      State Defendants (ACCES-VR) stated on letter dated, **May 20, 2013 and August Exhibits 78, 79-82** " You don't qualify for an Impartial Hearing but Plaintiff did qualify for the Impartial hearing,

138.      Plaintiff ACCES-VR was close on **May 13, 2013, Exhibit 77,** Plaintiff requested the Impartial on **June 18, 2013, Exhibit 83 84** within the 90 days limits.

a. <u>29 U.S.C. 722 (c)(2)(A)(ii)</u> the right to pursue mediation with respect to the determination under paragraph (4).

b. **Impartial Hearing was requested within the 90 days limit in accordance with Title 8.247.4, 29 U.S.C. 722 (c)(5); 34 C.F.R. 361.57 (e).**

139.     On **May 13, 2013,** State Defendant Close Plaintiff ACCES-VR case, Plaintiff requested an Impartial Hearing **June 18, 2013,** from CIDNY office Plaintiff Impartial hearing requested by fax, within the 90 days limit. **Exhibit 83, 84.**

a. <u>29 U.S.C. 722 (c)(2)(B)(iii)</u> upon reduction, suspension, or cessation of vocational rehabilitation services for that individual.

140.     State Defendant refusing to Pay Culinary Academy of New York Inc. Tuition feed and provide Plaintiff with transportation fund without any mediation, State Defendant ACCES-VR Continued to delay the process by refusing to provide Plaintiff with the Rehabilitation Services and the Due Process right Plaintiff was entitle to under the Laws Mention hereinto.

a. <u>29 U.S.C. 722 (c)(4)(H)</u>Construction Nothing in this subsection shall be constructed to preclude the parties to such a dispute <u>from informally resolving the dispute prior to proceedings under this paragraph,</u> or paragraph (5), **if the informal process used is not used to deny or delay the right of the applicant or eligible individual to a hearing under this subsection or to deny any other right afforded under this subchapter**

141.     <u>Plaintiff requested a due process in the form of an Impartial hearing</u>

a. <u>29 U.S.C. 722 (c)(4)(A)</u> Mediation Procedures; Each state shall ensure that procedures are established and implemented under this subsection to allow parties described in paragraph (1) <u>to disputes involving any determination described in paragraph</u> (1) to resolve such disputes through a mediation process that, at a minimum, **shall be available whenever a hearing is requested under this subsection.**

142.     State Defendant as of today have not schedule an Impartial hearing which Plaintiff requested on **June 18, 2013 Exhibit 83, 84.** Plaintiff ACCES-VR case was close on **May 13, 2013 Exhibit 77.**

a.  <u>29 U.S.C. 722 (c)(4)(E)</u>Scheduling Each session in the mediation process shall be scheduled in a timely manner and shall be held in a location that is for dispute resolution.

143.    State Defendants (ACCES-VR) denied Plaintiff the right to challenge their decision of sending Plaintiff to be re-evaluate on **May 11, 2013** and closing Plaintiff ACCES-VR case on **May 13, 2013.**

144.    Plaintiff requested an Impartial Hearing from State Defendant,

a.  <u>29 U.S.C. 722 (c)(5)(I)</u> Implementation To challenge a final decision of a State reviewing official

145.    Plaintiff requested an Impartial Hearing State Defendants,

a.  <u>29 U.S.C. 722 (c)(1)</u>Each State shall establish procedures for mediation of, and procedures for review through an impartial due process hearing of determinations made by personal of the designated State unit that affect the provision of vocational rehabilitation services, to applicants or eligible individuals.

b.  <u>29 U.S.C. 722 (c)(2)(B)(iii)</u> upon reduction, suspension, or cessation of vocational rehabilitation services for that individual.

146.    State Defendants (ACCES-VR) never notify Plaintiff when closing Plaintiff ACCES-VR case on **March 24, 2011,** nor Culinary Academy of New York Inc. **Exhibit 78, 79-82.**

a.  <u>29 U.S.C. 722 (c)(2)(A)</u> Rights and Assistance The procedures shall provide that an applicant or an eligible individual or, as appropriate, the applicants representative or individuals representative shall be notified.

147.    Plaintiff statutory rights to Impartial Hearing was denied.

a.  <u>29 U.S.C. 772 (c)(2)(A)(i)</u> the right to obtain review of determinations described in paragraph (1) in an Impartial due process hearing under paragraph (5).

148.    Plaintiff requested assistance from Client Assistance Program, and State Defendants refuse to answered CAP Phone  calls nor assist Plaintiff as requested by Client Assistance

Program on numerous times See **Exhibit 88, 93-96** letters from CAP to State Defendant (ACCES-VR).

a. **29 U.S.C. 722 (c)(2)(A)(iii)** the availability of assistance from the Client Assistance Program under section **29 U.S.C. 732 of this Chapter.**

149.   Plaintiff brought evidence at the Administrative review on **May 11, 2013** and State Defendant did not review Plaintiff evidence of attending a Culinary Academy of New York Inc. Vocational School,

a. Six months of Vocational Training,

b. 180 hour of Externship of the 300 required for Plaintiff to graduate

c. but the State Defendants wanted to send Plaintiff to be re-evaluated, re-evauations are to determinate an appropriate Vocational Goal, Plaintiff already have **6 months of Vocational Training.**

a. **29 U.S.C. 722 (c)(3), Evidence, (A)** the applicant's representative or individual representative to submit at the mediation session or hearing.

150.   State Defendant (ACCES-VR) did not notify Culinary Academy of New York Inc. that Plaintiff ACCES-VR was close on **March 24, 2011** in violation of.

a. **29 U.S.C. 722 (c)(2)(B)** Timing: Such notification shall be provide in writing;

b. **29 U.S.C. 722 (c)(2)(B (i)** at the time an individual applies for vocational rehabilitation services provided under this subchapter;

c. **29 U.S.C. 722 (c)(2)(B)( (ii)** at the time the individual plan for employment is developed and

d. **29 U.S.C. 722 (c)(2)(B)(iii)** upon reduction, suspension, or cessation of vocational rehabilitation services for that individual

151.     All this facts prove that there was a delay not only on the Vocational Rehabilitation

Services but on Due Process of Law where Due Process is Due, and Justice require. Plaintiff

did not have the "opportunity to be heard at a meaningful time and in a meaningful

Manner.

152.     **The due process clause of the Fourteenth Amendment requires an
"opportunity to be heard at a meaningful time and in a meaningful manner."** Mathews
v. Eldridge, 424 U.S. 319, 333 (1976) (internal quotations and citations omitted). Plaintiff
did not have an opportunity.

153.     **There was a delay in the Process of Plaintiff Amended IPE and on Plaintiff Due
Process right under:**

a.   The Rehabilitation Act 1973 **29 U.S.C. (c)(1)** guarantee Plaintiff an Impartial hearing.

b.   The Individual with Disability Education Act IDEA guarantee Plaintiff a Due Process
c.   **20 U.S.C. 1415 (5(e)(f).**

d.   Federal Regulation 34 C.F.R. 361.57 (i)(1) guarantee Plaintiff a due process Impartial
hearing.

e.   State Defendants ACCES-VR own Policies and Procedure guarantee Plaintiff an Due Process
Hearing in the form of Impartial Hearing Policy 105.00.

f.   The Due Process Clause of the Fourteenth Amendment of the ConstitutionU.S. Const. Amend.
XIV 1.  Guarantee Plaintiff Due Process.

154.     **THE INDIVIDUAL WITH DISABILITY EDUCATION ACT (IDEA) CODIFY 20 U.S.C.
1415 (5(e)(f) GUARANTEE PLAINTIFF DUE PROCESS,  WAS DINIED WHICH VIOLATED
PLAINTIFF CIVIL RIGHT UNDER 42 U.S.C. 1983.**

155.     State Defendants (ACCES-VR) request Plaintiff to be re-evaluated on the

Administrative Review on **May 11, 2013,** Plaintiff requested an Impartial hearing

Application Form to be Process pursuant to:

a.   **20 U.S.C. § 1400(d)(1)(A), (B), and (C):**  A party has the right to present a complaint "with

respect to any matter relating to the identification, evaluation, or educational placement of

the child, or the provision of a free appropriate public education to such child."

156.     State Defendants (ACCES-VR) Bronx District  and ACCES-VR Albany District

a.       Refused to pay Tuition,

b.      Fail to amend Plaintiff IPE;

c.       Refuse to provide Plaintiff with Transportation;

d.      Fail to processes an Impartial hearing application form request;

e.      Denied Plaintiff an Impartial hearing requested within the time limit pursuant to:

**20 U.S.C. § 1415(b)(6):** party has a right to present a complaint regarding matters involving proposal or **refusal to initiate** or **change the identification**, assessment, or educational placement of a child; or a disagreement between a parent and public education agency as to the availability of a program appropriate for a child, including the question of financial responsibility.

157.      State Defendants denied Plaintiff Due Process request, preventing Plaintiff from pursuing Due Process rights.

**20 U S C Section 1415(f)(3)(D)** and establish exceptions to the statute of limitations. Exceptions to the statute exist where the **parent was prevented from filing a request for due process due to specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint,** or the local educational agency's withholding of information from the parent that was required to be provided to the parents.

158.      State Defendant (ACCES-VR Bronx) and ACCES-VR Albany District Office denied Plaintiff an Impartial hearing which Plaintiff qualify for an Impartial hearing pursuant to **20 U.S.C.1415 (5)(e)(f).**

**ACCES-VR CLOSE PLAINTIFF ACCES-VR CONSUMER CASE ON MARCH 24, 2011, CULINARY ACADEMY OF NEW YORK INC. ACCEPTED PLAINTIFF AS A STUDENT ON MAY 16, 2011 see Exhibit**

159.      **May 16, 2011,** Culinary Academy of New York Inc. Executive Director letter of acceptance to Star Career Academy  Culinary Program to star on **August 18, 2011**...Exhibit

160.      **May 20, 2013** ACCES-VR Albany District Office Ms. Mazzariello, denied Plaintiff Impartial Hearing Request Stating: you do not qualify for an Impartial hearing your ACCES-VR case was close.

161.      State Defendant (ACCES-VR) Bronx District and ACCES-VR Albany District Office) fail to inform Defendants Culinary Academy of New York Inc. Defendant Representative

Agent Phil Roman and Defendant Claudia Arias-Financial Aid Office; Defendant Adriana

Tortorello-Executive Director, That Plaintiff ACCES-VR case was close on **March 24, 2011.**

**29 U.S.C. 722 (c)(2)(B)(iii)** upon reduction, suspension, or cessation of vocational rehabilitation
services for that individual

162.　　Non Defendants that assisted Plaintiff which were in contact with ACCES-VR Bronx

District Office and ACCES-VR Albany District Office were notify of Plaintiff ACCES-VR case

being close on **March 24 2011, Exhibit 77.**

a.　Client Assistance Program CAP; Center for Independence of the Disable NY, CID-NY,

b.　Mr. Moss requested Tuition Funds; Culinary Academy of New York Inc.

c.　Ms. Mony Admission Director Culinary Academy of New York Inc.

d.　Defendants Culinary Academy of New York Inc.

e.　Defendant Representative Agent Phil Roman Culinary Academy of New York Inc.

f.　Defendant Claudia Arias-Financial Aid Office; Culinary Academy of New York Inc.

g.　Defendant Adriana Tortorello-Executive Director,Office; Culinary Academy of New York

Inc.

163.　　State Defendants ACCES-VR  Fail again and again creating more delay and more

inconvenience to Plaintiff  which violated Plaintiff Rights under The **Rehabilitation Act**

**1973, and 42 U.S.C. 1983.**

164.　　State Defendants did not provided Culinary Academy of New York Inc. nor Plaintiff

with information stating that Plaintiff ACCES-VR case was closed on **March 24, 2011,**

required by:

a.　**29 U.S.C. 722 (a)(5)(A)** Determination of ineligibility: The ineligibility determination
involved shall be made only after providing an opportunity for full consultation with the
individual or, as appropriate, the individual representative.

165.　　State Defendant ACCES-VR Albany District state on all letter "You do not qualify for

an Impartial hearing because your ACCES-VR case was close on **March 24, 2011,** without

stating the reasons, and without notifying Culinary Academy of New York Inc. nor Plaintiff and Plaintiff was requesting an Impartial hearing on the decision rendered on May 13, 2013.

a. **29 U.S.C 722 (a)(5)(B)** the individual or, as appropriate, the individual's representative, shall be informed in writing; (Supplemented as necessary by other appropriate modes of communication consistent with the informed choice of the individual) of the ineligibility determination and (i)the reason for the determination (ii) a description of the means by which the individual may express, and seek a remedy for any dissatisfaction with the determination, including the procedures for review by an impartial hearing officer under subsection (c) of this section.

166.    This Exhibits Prove that Albany District did not review Plaintiff ACCES-VR case when rendered her decision of denying Plaintiff all Impartial hearing requested.

167.    If State Defendant ACCES-VR Ms. Manzzariello would of really review Plaintiff ACCES-VR case, she would of see that Plaintiff just had an Administrative Review on **May 11, 2013.**

a. **June, 18, 2013**  from CIDNY Plaintiff Impartial hearing requested by fax...**Exhibit 83, 84.was to challenge decision rendered on May 13 2013, not March 2011.**

b. **May 20, 2013** ACCES-VR Albany District Office Ms. Mazzariello, denied Plaintiff  Impartial Hearing Request **Exhibit 78.**

c. **August 20, 2013** ACCES-VR Albany District Office Ms. Mazzariello, denied Plaintiff another Impartial Hearing request, **79-82 Exhibit.**

d. **October, 10, 2013** Plaintiff Complaint to ACCES-VR Albany District Office requesting an Impartial Hearing **Exhibit 85-87.**

**STATE DEFENDANT DENIED PLAINTIFF EVERY REQUEST PLAINTIFF MADE.**

168.     State Defendants ACCES-VR has approved Plaintiff to enrolled at Culinary Academy of New York Inc. and ACCES-VR had 60 days to answer Defendant Culinary Academy of New York Inc. in accordance with:

a.   **29 U.S.C. 722 (a)(6)** timeframe for making an eligibility determination. The designated State unit shall determine whether an individual is eligible for vocational rehabilitation services under this subchapter within a reasonable period of time; not to exceed 60 days, after the individual have submitted an application for the services.

169.     STATE DEFENDANT ACCES-VR never requested an extension from Plaintiff in accordance with:

a.   **29 U.S.C. 722 (a)(6)(A)** extension of time was never requested.

170.     State Defendants (ACCES-VR) fail to process Plaintiff Amended IPE. State Defendant fail to Process Plaintiff amended IPE in accordance.

a.   **29 U.S.C. 722 (b)(1)** Development of an Individual Plan for employment.

171.     State Defendant (ACCES-VR) Isabel Gonzalez was responsible for Processing plaintiff Amended IPE.

a.   **29 U.S.C. 722 (b)(1)(A)** information on the availability of assistance from qualify vocational rehabilitation counselor in developing all or part of the individualized plan for employment.

172.     Plaintiff Amended IPE was never process in accordance with

a.   **29 U.S.C. 722 (b)(1)(B)** a description of the full range of components that shall be included in an (IPE).

173.     State ACCES-VR fail to implement and develop Plaintiff Amended IPE following ACCES-VR own Policies and procedures DEVELOPING YOUR INDIVIDUAL PLAN OF EMPLOYMENT (IPE). **EXIBITS 1-4.**

a. **29 U.S.C. 722 (b)(1)(C)** as appropriate:

    (i)     an explanation of agency guidelines and criteria associated with financial commitments concerning an individual Plan for employment,

    (ii)    (ii) additional information the eligible individual requests or the designated State Unit determines to be necessary and

    (iii)    (iii) information on the availability of assistance in completing designated State agency forms required in developing an IPE.

174.    State Defendant (ACCES-VR) did not follow Mandatory procedure, in accordance with the following Law, Mandatory Procedure.

a. **29 U.S.C. 722 (b)(2) (A)** Mandatory Procedure An Individualized Plan for Employment shall be a written document prepared on forms provide by the designated State Unit.

175.    State Defendant (ACCES-VR) did not process Plaintiff Amended IPE pursuant to:

a. **29 U.S.C. 722 (b)(2)(B)** informed choice,

An individual plan for employment shall be developed and implemented in a manner that affords eligible individuals the opportunity to exercise informed choice in selecting an employment outcome, the specific vocational rehabilitation; services to be provide under the plan, the entity that will provide the vocational rehabilitation services, **and the methods used to procure the services,** consistent with subsection (d) of this section.

176.    Culinary Academy of New York Inc. Claudia Arias-Financial Aid Office Informed Plaintiff that STATE DEFENDANT (ACCES-VR) is going to pay $ 10.000,00 of the $ 16.012,00 tuition fee, Pell is going to pay $ 5,000.

177.    Plaintiff signed the Amended IPE and that was it, State Defendants (ACCES-VR) did not processed it in accordance with the law  and their own Policy and rpocedures.

a. **29 U.S.C.722 (b)(2)(c)** Signatories An individual plan for employment shall be : (i) agreed to, and signed by, such eligible individual or, as appropriate, the individual's representative;

and (ii) approved and signed by a qualified vocational rehabilitation counselor employed by the designated State Unit.

178.     Defendants Culinary Academy of New York Inc. Phil Roman-Admission Agent Representative interview Plaintiff for possible enrollment, which after all documents were provided Plaintiff was approved, Plaintiff signed an enrollment agreement On **August 1, 2011** to star Vocational Training on **August 16 2011.**

179.     Plaintiff provided Culinary Academy of New York Inc. Defendant Claudia Arias-Financial Aid Office and Defendant Phil Roman-Admission Agent Representative reviewed Plaintiff Amended IPE and send it back to State Defendant (ACCES-VR).

a.   **29 U.S.C. 722 (b)(2)(D)** A copy of the in IPE for an eligible individual shall be provided to the individual or, as appropriate to the individual representative, in writing.

180.     State Defendants (ACCES-VR) was supposed to review Plaintiff  Amended IPE and amended pursuant to

a.   **29 U.S.C. 705 (A) (1)** "review of existing data" for purpose of amending Plaintiff Individual Plan of Employment in accordance with The Rehabilitation Act 1973.

181.     Plaintiff Individual Plan of Employment was amended pursuant to

a)   **26 U.S.C. 722 (b)(2)(E)(ii): (**IPE) amended, as necessary, by the individual or as appropriate, the individual representative in collaboration with a representative of the designated State Agency or a qualify Vocational rehabilitation counselor, (to the extent determined to be appropriate by the individual). Plaintiff just wanted to get Vocational Rehabilitation Services Pursuant to

b)   **29 U.S.C. 722 (a)(1)(B)** requires vocational rehabilitation services to prepare for, secure, retain, or regain employment, ACCES-VR send Plaintiff to Culinary Academy of New York Inc. a Culinary Vocational School for Vocational Rehabilitation Services.

182.    Plaintiff requested assistance from Client Assistance Program State Defendant

(ACCES-VR Bronx District) and ACCES-VR Albany District refuse to assist Plaintiff as

requested by CAP. Pursuant

a)  **29 U.S.C. 732 (b)(1)** Client Assistance Program has the authority to pursue administrative

and other appropriate remedies to ensure the protection of rights of individuals with

disabilities who are receiving treatments, services, or rehabilitation.

**Culinary Academy of New York Inc. had not requested tuition payment from ACCES-VR in
almost two years in violation of the Laws mention herein Defendants:**

Star Career Academy Corporate Office
Culinary Academy of New York Inc.
Adriana Tortorello-Executive Director
Phil Roman-Admission Agent Representative
Claudia Arias-Financial Aid Office
Steeve Duverme – New President Star Career Academy

**New York State Higher Education Article 14** Services-Corporation Sections:

**N.Y.S.H.E Article 14 -651.1** Definition Corporation shall mean The New York State Higher

Education Services Corporation, **652.1.**

183.    Culinary Academy of New York Inc. fail to properly secure an award from State

Defendant ACCES-VR Bronx District office in accordance with **661. (4)(f)** Eligibility

Requirements an conditions governing awards and loans, for disabled students as defined

by the American with Disability 42 U.S.C. 12101.

184.    Culinary Academy of New York Inc. did not have a Payment schedule in accordance

with **665.1** Payment for each semester, quarter, or other term of attendance during the

academic year.

185.

186.    Culinary Academy of New York Inc. enrolled Plaintiff without securing an award

from ACCES-VR in accordance with **665.3** Each institution of post-secondary education

shall certify to the Corporation, that each student in attendance at that institution who has

applied for a general award or academic performance award under this **Article 14,_is**

**eligible for such award in accordance with all criteria established for such award by**

**Statute and regulation.**

187.     Culinary Academy of New York Inc. incorrectly enrolled Plaintiff without first

approval from ACCES-VR **665.4 (i) (ii)** Institution Refund, Inadequate administration

procedures or practices of the institution resulted in the incorrect certification of the

eligibility of a program or student.

188.     Culinary Academy of New York Inc. **did not have an amended IPE agreement**

**with ACCES-VR   to enroll Plaintiff in violation of   665- a. 1.   No institution may**

**participate in the general academic or other awards programs described in this**

**(Article 14 Higher Education Services) unless it shall have entered into a written**

**agreement with the corporation under which it shall be bound to comply with all**

**laws and rules applicable to such programs.**

189.     Culinary Academy of New York Inc. fail to review Plaintiff ACCES-VR tuition award

in violation of **666.2 (ii)** or enrolled and accepted into registered certificate programs, Prior

to the approval of any additional awards pursuant to this section, participating institution

shall review the academic standing of all recipients of awards pursuant to this section.

190.     Culinary Academy of New York Inc. fail  to follow 667.3 Tuition assistance program

awards.

191.     Culinary Academy of New York Inc. fail to follow 667-a (ii)  Supplemental tuition

assistance

192.     Culinary Academy of New York Inc. fail to request tuition from ACCES-VR **666.9 (i)**

**(ii)** The Corporation shall reimburse the participating institution.

193.     Culinary Academy of New York Inc. fail to follow 681-a. Guaranteed Student loans,

special requirements

194.     Culinary Academy of New York Inc. requested a Pell Grant on Plaintiff behave but

fail to request ACCES-VR award **681-a.1.** Federal guaranteed student loan program.

**Education Laws 5001-5010.**

Education Laws 5001.1 School require to be licensed or registered.

195.     Culinary Academy of New York Inc. was not organized and did not follow the Law

when enrolled Plaintiff **Education Law 5002** Any school licensed or registered pursuant to

section 5001 of this Article shall be organized and shall be subject to and comply with the

provisions of **5002.1 Standards b. (1) criteria for admission (2)(3)(4)(5)** the form and

content of such agreement or contract shall be written in the same language as that

principally used in the presentation.

196.     Culinary Academy of New York Inc. did not have a methods to collect Tuition from

ACCES-VR nor **file the VR370 form required by ACCES-VR for tuition payment** to

ACCES-VR vendors in violation of **5002.1(6) The Methods of collecting tuition**

197.     Culinary Academy of New York Inc. know Plaintiff Culinary Academy of New York

inc.  needed a Counseling and did not have one School promises,

198.     Plaintiff left Culinary Academy of New York inc.  on two occasions because of Mental

health issues **5002.1 (9)** Counseling provide to student.

199.     Culinary Academy of New York Inc. did not care about Plaintiff ability to benefit,

Culinary Academy of New York inc.  just wanted a Pell Grant on Plaintiff behave **5002.1(9)**

d. Admission of student under the ability to benefit provision (1) Certification.

200.     Culinary Academy of New York Inc. did not have Plaintiff academic Record for

Plaintiff to inspect **5002.2** Inspection of records (c) (3) complaints, school shall provide all

records.

201.     Culinary Academy of New York Inc. did not apportioned Plaintiff ACCES-VR tuition

in accordance with  **5002.3 a. Tuition liability,** The tuition charge for programs approved