UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JUAN RAMON MARTINEZ,

               Plaintiff,          14 Civ. 7634

  -against-                    OPINION

ELSIE SANTAMARIA, et al.,

               Defendants.

------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/3/16
```

A P P E A R A N C E S:

    <u>Pro Se</u>

    JUAN RAMON MARTINEZ
    3480 Third Ave., Apt. 6-G
    Bronx, New York 10456


    <u>Attorneys for New York State Defendants</u>

    ERIC T. SCHNEIDERMAN
    Attorney General of the State of New York
    120 Broadway, 24th Floor
    New York, NY 10271
    By:  Mark E. Klein, Esq.


    <u>Attorneys for Culinary Academy of New York</u>

    JACKSON LEWIS P.C.
    666 Third Avenue
    New York, NY 10017
    By:  Richard I. Greenberg, Esq.
         Douglas J. Klein, Esq.

**Sweet, D.J.**

Defendant New York State Education Department ("SED"), (s/h/a Adult Career and Continuing Education Services – Vocational Rehabilitation ("ACCES-VR") and Bureau of Proprietary School Supervision ("BPSS")) and individual defendants Isabel Gonzalez, Ann Huff, Robert Linton, Patricia Manzariello (s/h/a Patricia Manzzariello), Edward G. Kramer, Armando Pabon, Jr., and John B. King, Jr. (collectively, the "Individual State Defendants" and, along with SED, the "State Defendants") and Defendant Culinary Academy of New York, Inc. (s/h/a "Star Career Academy Corporate Office" and "Star Career Academy New York City Campus") ("CANY" collectively with the State Defendants, "Defendants") have both moved pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the Complaint of *pro se* plaintiff Juan Ramon Martinez ("Martinez" or the "Plaintiff"). Based upon the conclusions set forth below, the second amended complaint is dismissed with prejudice.

The Plaintiff filed his Complaint on September 15, 2014 seeking damages of $100 million arising out of a series of events starting in 2010. On July 8, 2015 the Court dismissed his Complaint with leave to amend. On July 29, 2015 Plaintiff filed his First Amended Complaint and filed his Second Amended Complaint on November 18, 2015.

The Plaintiff, an alleged former "consumer" of ACCES-VR, appears to assert substantially the same claims as in his original complaint although it is now over three times the length of his original complaint.

The instant motions were marked fully submitted on April 7, 2016.

**The Complaint Is Dismissed with Prejudice**

While it is clear that the Plaintiff has put considerable time and effort into his *pro se* Second Amended Complaint, it fails to state a claim upon which relief can be

2

granted by a federal court.  For the same reasons articulated in the Court's July 8, 2015 opinion, the Second Amended Complaint lacks a short and plain statement required by Rule 8, many of the claims are barred because certain defendants are entitled to immunity under the 11th Amendment, Plaintiff failed to allege any non-conclusory or non-speculative adverse action was taken against him for an anti-disability discriminatory reason, and Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1986 all fail for procedural reasons and because they fail to state a constitutional injury.

**Conclusion**

Based on the conclusions set forth above, Defendants' motions to dismiss are granted, and the Complaint is dismissed with prejudice. Plaintiff's request to file a third amended complaint is denied.

It is so ordered.

**New York, NY**
**November 2, 2016**

_____
ROBERT W. SWEET
U.S.D.J.